**Wanda G. MARSHALL, Plaintiff,**

v.

**Dorn O. SPANGLER et al.,
Defendants.**

**Civ. A. No. 75–0029(D).**

United States District Court,
W. D. Virginia,
Danville Division.
July 2, 1975.

J. Grady Monday, Monday & Monday, Martinsville, Va., for plaintiff.

Martin F. Clark, Commonwealth's Atty., Stuart, Va., for defendants.

## OPINION AND JUDGMENT

DALTON, District Judge.

Wanda G. Marshall, a tenured teacher in the Patrick County School System, has brought this action for reinstatement, back pay, and compensatory damages in connection with her termination of em-

ployment as a teacher by the Patrick County School Board. She claims that her dismissal violated "the 1964 Civil Rights Act, 42 U.S.C. Sec. 1983 *et seq.,* the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment."

Defendants in the above-styled case have filed motions to dismiss 1) for lack of jurisdiction over the person of the defendants; 2) for failure to allege that defendants acted under color of any statute, ordinance, regulation, custom or usage of any state or territory; 3) for failure to state a claim under 42 U.S.C. § 1983; 4) for failure to exhaust administrative remedies; 5) because plaintiff's remedy, if any, is for breach of contract, for which state courts have exclusive jurisdiction; and 6) because defendants are improper parties.

## I

■ Defendants first move to dismiss for lack of jurisdiction over their person, presumably under Fed.R.Civ.P. 12(b)(2). This motion is clearly without merit. A 12(b)(2) motion r _es the question whether the defendants have sufficient contact with the Western District of Virginia to give this court the right to exercise judicial power over them. All defendants are within the jurisdiction of this court.

## II

■ Defendants secondly move to dismiss for failure to allege that defendants acted under of color of state law.

In her complaint, the plaintiff describes each defendant and his official position. This is sufficient to support the inference in a motion to dismiss that defendants acted under color of state law.

## III

■ Defendants also move to dismiss for failure to state a cause of action, presumably under Fed.R.Civ.P. 12(b)(6). This motion challenges the sufficiency of the complaint. The proper test to be applied in determining the sufficiency of the complaint was set out in the leading case of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), in which the Supreme Court stated:

"[I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

■ Based on the complaint, this court at this stage of the proceedings cannot say that plaintiff will not be able to prove any set of facts that would entitle her to relief. Defendants' motion is therefore denied at this time. Defendants, however, may renew their contention that plaintiff has failed to state a cause of action later in the course of these proceedings by filing a motion for summary judgment.

## IV

■ Because the plaintiff need not exhaust her administrative remedies before pursuing a 1983 claim in federal court, *see McCray v. Burrell,* 516 F.2d 357 (4th Cir., 1975) defendants' motion to dismiss is denied.

## V

■ Defendants' fifth ground for their motion to dismiss is that plaintiff's complaint is properly characterized as one for breach of contract and that the state courts have exclusive jurisdiction over this type of claim. This contention is also without merit. Though the facts surrounding plaintiff's claim may support a claim for breach of contract, plaintiff is in no way inhibited to properly frame her complaint in terms of a constitutional deprivation and thereby come within federal statutes providing relief for such deprivations.

## VI

■ Defendants finally move to dismiss because they are not proper parties.

All defendants are either officials of the Patrick County School District or members of the Patrick County School Board. At this point in the proceedings, this court has an insufficient basis for determining whether all named defendants are indeed proper parties to this suit. This court therefore reserves judgment on this question until this case further matures.

For the above reasons, defendants' motions to dismiss are denied and this court orders defendants to answer within fifteen days.