**Paul HANCOCK and Kimberly Hancock, Plaintiffs,**

v.

**WASHTENAW COUNTY PROSECUTOR'S OFFICE, William F. Delhey, and Lynwood E. Noah, Jointly and Severally, Defendants.**

**Civ. A. No. 82–60241.**

United States District Court,
E.D. Michigan, S.D.

Oct. 19, 1982.

Elliott S. Hall, Hall & Bilicki, Detroit, Mich., for plaintiffs.

David A. King, Elizabeth Osgood Pollard, Ann Arbor, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter is before the court on the defendants William F. Delhey and Lynwood E. Noah's motion to dismiss. The individual defendants are the Prosecuting Attorney and the Deputy Chief Assistant Prosecuting Attorney for Washtenaw County.

This is an action for deprivation of civil rights under 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment. The plaintiff was prosecuted for murder after stabbing Tony Lorenzo Alexander, causing his death. The plaintiff at all times claimed that the victim had attempted to steal his van and that the death resulted from his reasonable efforts to arrest a fleeing felon. There was a preliminary examination in the case and the examining magistrate found that there was probable cause to bind Mr. Hancock over to stand trial for murder. This decision was reviewed by the Washtenaw County Circuit Court on the plaintiff's motion to dismiss. The Circuit Court Judge denied the motion. Mr. Hancock was tried and subsequently acquitted.

The plaintiff brought this action seeking damages from the Washtenaw County Prosecutor's Office and from the individual defendants William Delhey and Lynwood Noah for allegedly prosecuting him without probable cause and for negligently investigating his case. The individual defendants claim that they are absolutely immune from civil suit for damages under the Civil Rights Act of 1871 for alleged deprivation of the plaintiff's constitutional rights. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

This is a classic case for absolute immunity. It is essential that the prosecutor be able to exercise discretion in the performance of his duties without fear of possible civil liability. The public elects the prosecutor to carry out this important and awesome task and the law shields the prosecutor with immunity so that the task can be carried out fearlessly and impartially as required by the public trust.

The decision whether to prosecute in a particular case is often complex and the prosecutor must consider a number of factors in addition to the likelihood of obtaining a conviction. There may be public policy concerns that weigh in favor of prosecuting in a particular case. For example, in this case the plaintiff killed a man who he claimed attempted to steal his van and was trying to flee. Under Michigan law a private person may arrest another who has committed a felony, Mich.Comp.Laws Ann. § 764.16 (West 1982), and may use reasonable force. *People v. Whitty,* 96 Mich.App. 403, 292 N.W.2d 214 (1980). If, as in the present case, an homicide occurs, the perpetrator may assert an attempt to arrest as an excuse or justification in answer to the charge of murder. The law provides a possible justification, it does not provide the right to kill, nor does it endorse killing as the preferred course of action. Clearly, it is not in the public interest that private individuals feel free to use deadly force against another whom they think might be breaking the law. The prosecutor's decision to prosecute such a case may encompass all of these concerns. In order to carry out the function assigned this office by society, the prosecutor must be free to exercise discretion without concern that a court will "second-guess" the decision in a subsequent civil action. Consequently, it is necessary to shield the prosecutor from civil liability by providing absolute immunity.

 All of the arguments supporting absolute immunity for the prosecutor apply with equal force to the Washtenaw County Prosecutor's Office and the court finds that the office is also absolutely immune from civil damage liability, if it is an entity subject to suit under 42 U.S.C. §§ 1981 and 1983. Further, the court finds that the Washtenaw County Prosecutor's Office is not an entity and, therefore, not a person subject to suit under § 1981 or § 1983.

The plaintiff argues that this case falls within the narrow exception to absolute prosecutor immunity for "certain investigative activities," which has been recognized in the Court of Appeals in other circuits and which was left undecided in *Imbler v. Pachtman, supra. See, e.g., Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir. 1974); *Hampton v. City of Chicago,* 484 F.2d 602 (7th Cir. 1973); *Madison v. Purdy,* 410 F.2d 99 (5th Cir. 1969). All of the cases cited involved specific acts of misconduct on the part of the prosecutor committed during the criminal investigation and unrelated to the decision whether to prosecute. The

present case does not fall within the exception advanced by the plaintiff and the court finds it unnecessary to decide whether the exception is reasonable in view of the policy discussion above.

All of the claims in this case were made under 42 U.S.C. §§ 1981 and 1983 and, therefore, the current motion encompasses the entire action. Accordingly, the defendants William F. Delhey and Lynwood E. Noah's motion to dismiss is granted. For the reasons stated above, the action against the Washtenaw County Prosecutor's Office is also dismissed.

So ordered.