882 F.2d 870
 14 Fed.R.Serv.3d 814
 Monica REVENE, Individually, Plaintiff-Appellant,
v.
CHARLES COUNTY COMMISSIONERS; Office of the Sheriff of
Charles County; James Gartland, in his official
capacity as Sheriff, Charles County,
Maryland; Robert L. Foster,
Defendants-Appellees.
 No. 88-3217.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 9, 1989.
Decided Aug. 14, 1989.
 
 William Ray Ford (Kenneth M. Robinson, Rockville, Md., on brief), for plaintiff-appellant.
 Jerome C. Schaefer (Carl Roberts, Hanson, O'Brien, Birney & Butler, Rockville, Md., on brief), for defendants-appellees.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.
 PHILLIPS, Circuit Judge:
 
 
 1
 Monica Revene, as personal representative of her deceased husband's estate, appeals from the district court's dismissal of her action under Fed.R.Civ.P. 12(b)(6). The action, brought under 42 U.S.C. Sec. 1983, alleged various federal and pendent state law claims in connection with the shooting death of her husband by an off-duty, Charles County, Maryland, deputy sheriff. Her complaint named as defendants the deputy sheriff, the Charles County Commissioners, the Sheriff and "Office of Sheriff." Relying on various, alternative grounds, the district court granted the defendants' motion to dismiss the action as to all defendants. We hold that the dismissal was proper with respect to the Sec. 1983 claims against the Commissioners, the County Sheriff and the "Office of Sheriff," but that it was error to dismiss the Sec. 1983 claim and the pendent state-law tort claim against the deputy sheriff in his individual capacity. We also hold that the order dismissing the pendent state-law claims against the Sheriff and the County Commissioners should have been entered without prejudice.
 
 
 2
 * The basic facts, as alleged in the complaint, were these.
 
 
 3
 At 10:30 p.m. on October 6, 1987, Mark Anthony Revene was driving his car in St. Charles, Maryland. At some point, Charles County Deputy Sheriff Robert L. Foster, who was off duty at the time and driving his own vehicle, began to follow Mark Revene, pulling into the driveway behind Revene when he reached his destination. After some type of altercation ensued, Deputy Sheriff Foster got out of his vehicle, drew a handgun and fired, killing Mark Revene.
 
 
 4
 Some eight months later Monica Revene, as personal representative, filed the complaint in this case in the United States District Court for the District of Maryland. After two extensions of time to plead responsively, the defendants filed a joint motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), attaching a supportive memorandum. Revene then filed her opposition to the motion, which was followed shortly thereafter by her own supporting memorandum.
 
 
 5
 Some three months later before any discovery was conducted,[1] and without a hearing, the district court granted the defendants' motion to dismiss. All of the federal claims were dismissed on the ground that Revene failed to allege adequately that the off-duty officer was acting under color of state law. The court alternatively dismissed the federal claim against the Charles County Commissioners on the ground that they were not proper defendants because, under Maryland law, they are not responsible for the supervision of county sheriffs. With respect to the Commissioners and the County Sheriff, the court further reasoned that dismissal of the federal claims was proper because the complaint failed to allege sufficiently that the deputy sheriff was acting pursuant to a "policy or custom" that was "enacted or condoned" by either of these defendants. Finally, the court held that the "Office of Sheriff" was not subject to suit because it was not a separate, legal entity. Having dismissed all of the federal claims, the court dismissed the pendent state-law claims against all the defendants "for lack of independent jurisdiction."[2]
 
 This appeal followed.II
 
 6
 In actions under 42 U.S.C. Sec. 1983, as generally, a motion to dismiss pursuant to Rule 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts to support her allegations. District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir.1979); Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.1969). As the Supreme Court has explained in another Sec. 1983 case
 
 
 7
 [w]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss ... for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.
 
 
 8
 Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). We of course review de novo the district court's Rule 12(b)(6) dismissal of this action. Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir.1986).
 
 
 9
 In granting the defendants' motion to dismiss here the district court recognized its "limited role," but reasoned that dismissal was still warranted at the pleading stage because the allegations of the complaint failed to establish that Deputy Sheriff Foster was acting under color of state law, an essential element of the Sec. 1983 claim. The court explained that
 
 
 10
 [i]n the complaint, [Revene] admits that Deputy Sheriff Foster was off duty and not in uniform and operating his own vehicle. Defendant Foster was acting outside of his duties as a Deputy Sheriff. A defendant's position as a state official does not make his every action one under color of state law. Only when the defendant is using power granted by the state does it become "state action." ... Thus the liability imposed on a state official under 42 U.S.C. Sec. 1983 ... does not apply to Robert Foster in this case.
 
 
 11
 Dismissal on this basis was error. The "admission" in the complaint that Deputy Sheriff Foster was off duty, out of uniform and operating his own vehicle at the time of the shooting incident is, contrary to the district court's apparent view, not dispositive. While it certainly is true that "[a]cts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. Sec. 1983," Rogers v. Fuller, 410 F.Supp. 187, 191 (M.D.N.C.1976) (quoting Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir.1975)), the lack of the outward indicia suggestive of state authority--such as being on duty, wearing a uniform, or driving a patrol car--are not alone determinative of whether a police officer is acting under color of state law. Robinson v. Davis, 447 F.2d 753, 759 (4th Cir.1971); Fuller, 410 F.Supp. at 191. See also Hughes v. Halifax County School Bd., 855 F.2d 183, 186-87 (4th Cir.1988) (contrasting outward "indicia of state authority"). Rather, the nature of the act performed is controlling. Monroe v. Pape, 365 U.S. 167, 184-87, 81 S.Ct. 473, 482-84, 5 L.Ed.2d 492 (1961), overruled on other grounds, Monell v. Dept. of Soc. Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The act therefore must be carefully scrutinized to determine whether an officer, when either on or off duty, is acting under color of state law. See Layne v. Sampley, 627 F.2d 12, 13 (6th Cir.1980). See also Payne v. Government of District of Columbia, 559 F.2d 809, 825 n. 9 (D.C.Cir.1977) ("The circumstances surrounding the use of a service revolver, rather than the mere fact of its use, have constitutional relevance.... Surely one could not reasonably maintain that an off-duty police officer whose revolver accidentally discharged and hurt someone was acting under color of governmental authority").
 
 
 12
 Under state law, Charles County personnel, such as Deputy Sheriff Foster, are assigned set hours of "active duty" each work day but are, by local ordinance, "on duty twenty-four (24) hours a day" and are expected to "tak[e] proper police action on any matter coming to their attention at any time." Charles County Sheriff's Department Manual of Policy and Ethics Sec. 1407. Even when "off duty," then, Charles County deputy sheriffs retain authority to conduct official police action, and any action purportedly taken pursuant to this authority would be under color of state law whether the deputies "hew to the line of their authority or overstep it." Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945) (Douglas, J.).[3]
 
 
 13
 It is clear that had Revene been allowed to go forward with her action beyond the bare-bones pleading stage, she might have been able to prove that Deputy Sheriff Foster was acting under color of state law--despite her admissions that he was off duty, out of uniform and driving his own vehicle. Dismissal therefore was improper on the basis asserted by the district court. District 28, 609 F.2d at 1085.
 
 
 14
 Defendant-appellees now claim, however, perhaps in recognition of the district court's erroneous basis for dismissal, that "[t]he implicit basis of the District Court's decision is that Revene's Complaint does not adequately allege that Foster was acting in his capacity as a Deputy Sheriff at the time of the incident...." Appellees' Brief at 9. We are convinced, however, that, construing the complaint as we must, assuming the truth of the pleaded facts, Powell v. Shopco Laurel Co., 678 F.2d 504, 505 n. 2 (4th Cir.1982), the complaint sufficiently alleges that at the critical time Foster was acting under color of state law. We need not decide whether the mere recitation that Foster was at all times acting "under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Maryland, and Charles County" would suffice for this purpose, standing alone. See District 28, 609 F.2d at 1085-86 (In reviewing 12(b)(6) dismissals, we "must accept the factual allegations of the complaint, [but] we are not so bound with respect to its legal conclusions."). But cf. Marshall v. Spangler, 397 F.Supp. 200, 202 (W.D.Va.1975) (holding that describing each defendant and his or her official position was sufficient to support the inference in a motion to dismiss that defendants acted under color of state law). While Sec. 1983 complaints that recite bare legal conclusions that are "wholly devoid of facts" see Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985), or that are not supported by specific facts pleaded, see District 28, 609 F.2d at 1085-86, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts--even if the factual assertions are equally consistent with a contrary conclusion--should survive a Rule 12(b)(6) motion to dismiss.
 
 
 15
 Such is the case here. In addition to asserting that Deputy Sheriff Foster was acting under color of state law at all relevant times, Revene alleged in her complaint that,
 
 
 16
 [o]n 6 October 1987 Defendant Charles County Deputy Sheriff Robert L. Foster while off duty and operating his own vehicle pursued a vehicle operated by [decedent] in Charles County, Maryland. Defendant Foster followed [decedent] to his home.... There defendant Foster got out of his vehicle, produced a handgun, pointed said gun at [decedent] and fired said weapon without just cause or provocation, striking [decedent] and causing his subsequent death.
 
 
 17
 Although these allegations can be read as consistent with a purely personal pursuit, outside the scope of Sec. 1983, when read with a slightly different cast, they can also be viewed as consistent with an officer's "[m]isuse of power ... possessed by virtue of state law," which of course falls within Sec. 1983. Monroe v. Pape, 365 U.S. at 183-86, 81 S.Ct. at 481-83; Screws, 325 U.S. at 111, 65 S.Ct. at 1040. These specific factual allegations, when coupled with the assertion that Deputy Sheriff Foster was acting under color of state law, served adequately to "put the defendant[s] on notice of the nature of the ... claim and the grounds upon which it rests." Linder v. Litton Systems, Inc., 81 F.R.D. 14, 16-17 (D.Md.1978). See also Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir.1988) (noting that in Sec. 1983 context, the "crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer").
 
 
 18
 For these reasons, we conclude that Revene's complaint sufficiently alleged a Sec. 1983 claim against officer Foster in his individual capacity to withstand the motion to dismiss.
 
 III
 
 19
 The question whether the complaint sufficiently alleged Sec. 1983 claims against the Sheriff in his official capacity, the "Office of Sheriff," and the Board of County Commissioners is more difficult. In the end, however, we think these claims were properly dismissed.
 
 
 20
 In the first place, we think that as pleaded they all come to a claim against the Board of County Commissioners as the governing body of Charles County. The separate claim against the "Office of Sheriff" was rightly dismissed on the basis that this "office" is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this "office" is simply an agency. See Hancock v. Washtenaw County Prosecutor's Office, 548 F.Supp. 1255 (E.D.Mich.1982) (prosecutor's office not a legal entity amenable to suit under Sec. 1983); In re Scott County Master Docket, 672 F.Supp. 1152 (D.Minn.1987) (same as to county attorney's and sheriff's offices).
 
 
 21
 The claim against the sheriff is in his official capacity, and is based upon allegations that in that capacity he was responsible for a policy of inadequate training of police officers respecting their off-duty conduct that proximately caused Revene's death. Rightly construed under current doctrine, this comes to a claim that in the realm of county law enforcement, the sheriff was the duly delegated policy-maker for the county, and it is therefore effectively a claim against the governing body of the county. See Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3105-06 n. 14, 87 L.Ed.2d 114 (1985); Brandon v. Holt, 469 U.S. 464, 471-73, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985); Spell v. McDaniel, 824 F.2d 1380, 1396 & n. 13 (4th Cir.1987). No other basis of liability exists for holding the sheriff separately liable on the claim as pleaded because no claim is made that he was directly involved in Revene's death, and there is no vicarious liability under Sec. 1983. Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir.1977).
 
 
 22
 Construed in this light, the claims against the sheriff and the Board could have legal viability only as claims of liability of Charles County as a municipality for Revene's death. So construed, we agree with the district court that the complaint fails to allege facts sufficient to withstand the 12(b)(6) motion.
 
 
 23
 As the Supreme Court has recently explained, while municipalities such as Charles County may be liable under Sec. 1983 for inadequate police training policies that directly cause constitutional deprivations by individual police officers, the test of municipal liability is a most stringent one. City of Canton v. Harris, --- U.S. ----, 109 S.Ct. 1197, 103 L.Ed.2d 412 (U.S.1989). To establish municipal liability on this basis, a claimant must allege and prove that a municipal governing body (or its authorized policy-makers) has followed a policy of inadequate training for its police in respect of particular tasks for which "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need," id. at ----, 109 S.Ct. at 1205, and that the inadequate training "actually caused" a claimed injury. Id. at ----, 109 S.Ct. at 1207.
 
 
 24
 While, as indicated in Part II, a civil rights claimant may not be held to strict fact-pleading requirements to proceed past the pleading stage, Revene's claim of municipal liability as pleaded here fails even the liberal notice-pleading requirement of the civil rules. Its critical allegations of a municipal policy of inadequate training are asserted entirely as legal conclusions. There are not supporting facts of even the most general nature to suggest any specific deficiencies in training for off-duty conduct, or that the incident here alleged was anything but an aberrational act by an individual officer, however motivated. Neither are there any allegations of any developed practice or custom of comparable conduct that might be charged to the deliberate indifference of municipal policy-making authorities.
 
 
 25
 As earlier noted, Sec. 1983 complaints which on critical elements of a claim merely recite legal conclusions "wholly devoid of facts," may properly be dismissed for insufficiency of statement, see Strauss v. City of Chicago, 760 F.2d at 767 (Sec. 1983 claimant must allege some fact or facts tending to support assertion that municipal policy has caused his constitutional injury to survive 12(b)(6) motion). A single act of the type here alleged cannot suffice, standing alone, to establish the existence of such a policy. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).
 
 
 26
 For these reasons, the district court did not err in dismissing the Sec. 1983 claims against the Sheriff, the "Office of Sheriff," and the Board of County Commissioners.[4]
 
 IV
 
 27
 As indicated in Part I, the district court, having concluded that all the Sec. 1983 federal claims must be dismissed, also dismissed the pendent state-law wrongful death and survival claims against each of the defendants. Because the Sec. 1983 claim against Deputy Sheriff Foster should not have been dismissed, neither should the parallel state-law claim, which "arose from a common nucleus of operative fact." See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Although it was proper to dismiss the pendent state-law claims against the other defendants once the federal claims against them were properly dismissed on the merits, the state-law claims should have been dismissed without prejudice.
 
 V
 
 28
 In summary, the district court's dismissal of the Sec. 1983 claim and the pendent state-law claim against officer Foster must be reversed, and those claims remanded to the district court for further proceedings. The district court's order dismissing the pendent state-law claims against the Sheriff and the Board of County Commissioners should have been entered without prejudice, and upon remand, the court's judgment should be amended accordingly. The district court's dismissal of the Sec. 1983 claim against the Sheriff, the "Office of Sheriff," and the Board of County Commissioners must be affirmed.
 
 
 29
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
 
 
 
 [1]
 Although the record shows that Revene sent Interrogatories to Deputy Sheriff Foster and a Document Request to the Charles County Office of the Sheriff, there is no indication that any responses or objections were filed
 
 
 [2]
 We construe this ruling as a discretionary dismissal of the pendent claims under United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)
 
 
 [3]
 In Stevenson v. State, 43 Md.App. 120, 403 A.2d 812, 815 n. 1 (1979), aff'd, 287 Md. 504, 413 A.2d 1340 (Md.1980), the Maryland Court of Appeals noted that a Prince George's County police officer, who by local ordinance is "always on duty, although periodically relieved from the routine performance thereof," "acts at all times in his official capacity and not as a private citizen."
 
 
 [4]
 Because of some concern that plaintiff may not have had a fair opportunity to develop a factual basis for his claim of municipal liability by investigation or discovery, we inquired of counsel at oral argument whether he had perhaps sought leave to amend his complaint when confronted with the dismissal order. We were advised that counsel then considered his proper course to be an appeal, thereby standing on his pleading