912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeffery A. VAUGHN, Plaintiff-Appellant,
v.
R.H. ALLNUTT, Defendant-Appellee.
 No. 89-7859.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 10, 1990.
Decided Aug. 31, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CA-89-780-N)
 Jeffery A. Vaughn, Appellant Pro Se.
 E.D.Va.
 VACATED AND REMANDED.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jeffrey A. Vaughn appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. In his complaint Vaughn alleged, among other things, that after he was stopped by defendant, a Henrico County police officer, defendant pushed him in front of oncoming traffic and twisted Vaughn's arm resulting in a fracture. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d) for failure to state a claim. We vacate and remand for further proceedings.
 
 
 2
 The Supreme Court recently addressed the standard to be used in dismissals under 28 U.S.C. Sec. 1915(d). In Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882), the Court, in a unanimous opinion, concluded that a complaint filed in forma pauperis is not automatically frivolous within the meaning of Sec. 1915(d) merely because it fails to state a claim. The Court observed, however, that Sec. 1915(d) dismissals were still appropriate, even on close but unavailing claims, "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Neitzke, 57 U.S.L.W. at 4495. In all other cases having arguable claims, however--even where it appears that the complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6)--the court should allow the case to progress. Such a procedure provides the plaintiff with notice of a pending motion to dismiss under Rule 12(b)(6), "alert[s] [the plaintiff] to the legal theory underlying the defendant's challenge, and enable[s] him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action." Id. at 4496.
 
 
 3
 In the instant case it is not clear that "relief could [not] be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 57 U.S.L.W. at 4495. A claim of excessive force used by a county police officer incident to an investigatory stop states a cognizable claim under Sec. 1983. See, e.g., Revene v. Charles County Commissioners, 882 F.2d 870, 873 (4th Cir.1989); Graham v. Connor, 57 U.S.L.W. 4513 (U.S. May 15, 1989) (No. 87-6571). We express no opinion as to whether the excessive force, or the other claims, will survive a well-pleaded Rule 12(b)(6) or summary judgment motion. We conclude, however, that the complaint is minimally adequate under Neitzke to survive dismissal as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 4
 Accordingly, we vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.