933 F.2d 1001
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Henry DAVIS, Plaintiff-Appellant,
v.
Wayne HIGGINS, Sheriff, Captain Jackson, Medical Department,
Fairfax County Jail, Defendants-Appellees.
 No. 91-7519.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 6, 1991.
Decided May 23, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-90-327-AM)
 John Henry Davis, appellant pro se.
 John J. Brandt, Robert S. Corish, Slenker, Brandt, Jennings & Johnston, Merrifield, Va., for appellees.
 E.D.Va.
 AFFIRMED AS MODIFIED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Henry Davis appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Upon reviewing the record and the district court's opinion, we find that dismissal was proper. Although Davis raised claims cognizable under Sec. 1983, he offered no or very few facts in support. The district court gave him an opportunity to particularize his complaint and warned him that a failure to respond could result in a judgment on the pleadings for defendants. When Davis failed to respond, the court entered judgment for the defendants.
 
 
 2
 Under Fed.R.Civ.P. 12(b)(6), a dismissal is properly granted where, construing allegations in the light most favorable to the plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Revene v. Charles County Commissioners, 882 F.2d 870, 872 (4th Cir.1989). It is not clear that Davis could never prove facts consistent with his allegations, which renders the court's dismissal based on Rule 12(b)(6) improper. However, Davis failed to particularize his deficient complaint in accordance with the court's order, and therefore dismissal was proper. See Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (U.S.1990); Fed.R.Civ.P. 41(b). Thus, although we affirm the court's dismissal, we modify the court's order to reflect that the dismissal is without prejudice. See 28 U.S.C. Sec. 2106. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED AS MODIFIED.