[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action in seven counts seeking damages for violation of their civil rights and loss of their property as a result of an incident that occurred at D's Deli and Bakery in Derby on May 17, 1987. At the close of evidence, the court granted defendants' motion to dismiss the Fifth and Seventh Counts against the Town of Derby for failure to make out a prima facie case under Monell v. Dept. of Social Serv., 436 U.S. 658
(1978) and its progeny. The Seventh Count, brought against the Town by delivery to the sheriff on May 6, 1990 and service on May 7, 1990, is also barred by the applicable two year statute of limitations. Conn. Gen. Stat. 7-465(a).
After hearing the evidence, the court finds the following facts. In October 1986, plaintiffs Richard and Barbara Esposito took over the day-to-day operation of a deli business known as "D's Deli and Bakery" from defendant Richard Lucarelli. At that time Richard Lucarelli was a part-time Derby police officer operating the deli business in leased premises and plaintiff Richard Esposito was his meat distributor. Richard Lucarelli was going full-time as a police officer and wanted to sell his business. Plaintiffs began operating the business based on an oral agreement while the attorneys worked out the necessary documents to transfer ownership. Plaintiffs agreed to pay the rent, utilities and other expenses, and $650 per month plus $10,000 in six months to defendant Richard Lucarelli towards a purchase price of $60,000. An escrow closing CT Page 148 was held in January 1987 because the parties could not obtain an assignment of the lease to the plaintiffs.
In February and March 1987, plaintiffs fell behind in their rent, and a notice to quit was issued by the landlord to the parties on or about April 23, 1987. City Exhibits 6 and 7. The parties were already posturing themselves to abort the sale. City Exhibits 13 and 14.
Defendant Richard Lucarelli admits that at about this time, when he learned that plaintiffs wanted out of the business and were behind in their bills, he asked the neighboring shopkeepers to call the police if they saw anything being removed from the store. He also admits he told the Derby police to watch out for merchandise or equipment being moved out by plaintiffs. This request was broadcast to the patrol officers that Officer Lucarelli "stated that nothing was to be moved out of the store." Defendant City's Exhibit 11.
About one week later, on May 7, 1987, the Derby Police Department received an anonymous call that furniture was being moved out of the deli. Defendant Officer James Thomas along with Officer Ettorre responded to the store. The officers confronted plaintiff Richard Esposito in the rear walkway removing a small table. Upon inquiry, plaintiff advised the officers that he was removing his own personal property. Defendant Thomas knew the plaintiffs were running the store. Despite this, because of the broadcast, defendant Thomas and Officer Ettorre detained the plaintiff in the alleyway for about 40 minutes while they searched all over town for defendant Richard Lucarelli who was not on duty that day. When defendant Richard Lucarelli finally arrived, he confirmed that plaintiffs were removing their own belongings.
The only breach of peace occurred when defendant Albert Lucarelli, defendant Richard Lucarelli's father, stormed into the deli and threatened Mrs. Esposito and lunged at Mr. Esposito. Defendant Richard Lucarelli had to restrain his father and remove him from the premises at Officer Thomas' request. Once Officer Lucarelli arrived and confirmed that the items being removed were plaintiffs' own property and after talking to plaintiffs' attorneys, defendant Thomas and Officer Ettorre left, making no arrests.
Defendant Richard Lucarelli remained at the store and demanded that plaintiffs turn over the keys, which they did, leaving behind CT Page 149 the remainder of their personal property. The following day the parties conducted an inventory of the store and plaintiffs then left for good, again without their property, listed on the bottom of the inventory. Plaintiffs' Exhibit B.
The court finds that plaintiffs were in the process of peacefully and voluntarily quitting the premises, which is the purpose of requiring a notice to quit before allowing an eviction. Defendant Richard Lucarelli had no right to demand or obtain possession without following the proper procedures for peaceful resolution of this dispute. Defendant Richard Lucarelli had no reasonable basis to complain to his police department that plaintiffs might unlawfully remove property; the only information he had was that plaintiffs could not pay their bills on time and would not be completing a purchase of his business.
In the First Count, plaintiffs allege a common law claim of lockout and interruption of their business by defendant Thomas and other Derby police officers at the request of defendant Richard Lucarelli. Although the detention of plaintiff Richard Esposito by defendant Thomas and Officer Ettorre for defendant Lucarelli did ultimately lead to defendant Lucarelli demanding the keys to the premises, the other Derby police officers had left the scene by that time and did not lock the doors and shut down the business as alleged. Thus, plaintiffs have failed to sustain their burden of proof as to the claims alleged in the First Count except as to defendant Richard Lucarelli.
In the Second Count, plaintiffs allege that defendants Richard Lucarelli and Thomas acting in their official capacity detained and unlawfully restrained and threatened plaintiffs and their child and thereafter ordered plaintiffs to leave the deli and prevented them from returning to collect their property. Since this count alleges a state law claim for tortious conduct on behalf of defendants while acting as municipal officers, it is also barred by the two year statute of limitations under Conn. Gen. Stat. 7-465(a).
In the Third Count, plaintiffs allege that defendant Albert Lucarelli unlawfully restrained and threatened them and their child with serious physical injury, causing them fear and distress. While the court finds that defendant Albert Lucarelli did engage in assaultive and threatening behavior, the court finds that no compensable injury or damage occurred. There was no physical contact, the encounter was brief, and neither plaintiff received any treatment whatsoever for any momentary alarm caused by said CT Page 150 defendant's disruptive behavior. As to defendant Albert Lucarelli, plaintiffs have failed to sustain their burden of proving that any injury or damage was sustained as a proximate result of this defendant's conduct.
In the Fourth Count, plaintiffs allege that defendants Richard Lucarelli and Thomas conspired together and acted in concert with the purpose and intent of wilfully, wantonly and maliciously depriving them of their constitutional rights. Here, plaintiffs have failed to sustain their burden of proving a conspiracy because the court finds that Officer Thomas did not agree or intend to wilfully deprive plaintiffs of their rights. Hampton v. Hanrahan,600 F.2d 600, 624-25 (7th Cir. 1979).
In the remaining Sixth Count, plaintiffs allege a claim under42 U.S.C. § 1983 for violation of their civil rights and deprivation of their property by defendants Richard Lucarelli, Thomas and the City of Derby. Actions under 42 U.S.C. § 1983
may be brought in state court for claims of violation of rights protected by federal statutes and the United States Constitution. Fedderman v. University of Connecticut, 192 Conn. 529 (1984). In order to recover, plaintiff must allege and prove a deprivation of rights secured by the U.S. Constitution because of conduct of a person acting under the color of state law.
Here, plaintiff Richard Esposito has established that he was wrongfully detained by defendant Thomas as a foreseeable consequence of defendant Richard Lucarelli's conduct. Also, both plaintiffs were deprived of their property by defendant Richard Lucarelli without due process of law.
Defendant Richard Lucarelli claims that he was acting as a private person and thus not under the color of state law with respect to the events alleged herein. However, the court finds that his acts in requesting private citizens to report on plaintiffs' activities and causing the police department to enforce his request that nothing be removed from the store were clearly actions taken as a police officer under the color of law which proximately caused violations of plaintiffs' civil rights. See City Exhibit 11. Whether or not he was in uniform or on duty on May 7, 1987 has no bearing on the actions taken. Revene v. Charles County Commissioners, 882 F.2d 870 (4th Cir. 1989). Even his acts allegedly taken as a private citizen were so in concert with the acts taken by the on-duty officers at his request so as to result in a finding of state action. Murray v. Wal-Mart, Inc., CT Page 151874 F.2d 555 (8th Cir. 1989); Howerton v. Garcia, 708 F.2d 380 (9th Cir. 1983); and Auster Oil Gas, Inc. v. Stream, 764 F.2d 381 (5th Cir. 1985).
Defendants argue that plaintiff Richard Esposito's detention was not an unlawful seizure under State v. Mitchell, 204 Conn. 187
(1987). However, it is not the length of the detention, here 40 minutes, but rather the reason for the detention that makes the seizure unreasonable and therefore unlawful. Whereas a police officer may detain a suspect and investigate further based upon a reasonable and articulable suspicion that a crime has been committed by that person, an officer cannot detain a person to investigate the possibility that a crime may have been committed.
Here, the officers were investigating an anonymous report of suspicious activity, items being removed from a business establishment. However, once the officers responded and discovered that the business was open and that the person removing the items was the known operator of the business, they had no reasonable basis to suspect any criminal activity and to detain the plaintiff. Nonetheless, while they searched for Officer Lucarelli because of the broadcast at lineup, they detained plaintiff Richard Esposito in an alley.
Thus, defendant Richard Lucarelli is responsible for this unlawful detention because he used and abused his position as a police officer to issue the improper edict that "nothing was to be taken from the deli" when he had no reasonable basis to suspect or even anticipate any criminal behavior on the part of the plaintiffs. See Lessman v. McCormick, 591 F.2d 605, 611 (1979).
Although the court finds that the detention of plaintiff Richard Esposito was an unreasonable seizure, the court also finds that defendant Thomas is entitled to a defense of good faith. Defendant Thomas was acting reasonably in response to the information received from his department; he had no way of knowing that there was no basis for Officer Lucarelli's report in the first place. Graham v. Connor, 490 U.S. 386 (1989).
Likewise, the Town of Derby can not be held liable directly under these circumstances on a theory of respondeat superior. Defendant Richard Lucarelli's report of possible criminal activity and defendant Thomas' decision to detain plaintiff based on that report are not the kind of official decisions which expose a municipality to liability under 1983. City of St. Louis v. CT Page 152 Praprotnik, 485 U.S. 112 (1988).
However, no such defenses are available to defendant Richard Lucarelli. Accordingly, the court finds for plaintiff Richard Esposito against defendant Richard Lucarelli in the amount of $5,000 for the embarrassment, humiliation and mental distress caused by his unlawful detention and in favor of both plaintiffs against said defendant in the amount of $1,000 for the loss of their personal property. The court assigns no damages for the loss of the deli business based on the court's findings that plaintiffs had acquired only possession, not ownership, and its finding that plaintiffs intended to back out on the sale.
Judgment shall enter in favor of plaintiffs against defendant Richard Lucarelli only, for $6,000 plus costs and attorney's fees; judgment shall also enter in favor of defendants Albert Lucarelli, James Thomas and the Town of Derby.
So ordered.
Sequino, J.