Donna L. BAILEY, et al., Plaintiff,

v.

PRINCE GEORGE'S COUNTY,
et al., Defendant.

No. Civ. PJM 97–1818.

United States District Court,
D. Maryland.

Jan. 29, 1999.

Kenneth B. Folstein, Greenbelt, MD, Richard I. Kovelant, Laurel, MD, for plaintiff.

Sean D. Wallace, Rhonda Lee Weaver, Upper Marlboro, MD, for defendant.

## OPINION

MESSITTE, District Judge.

Plaintiff Donna L. Bailey[1] sues Prince George's County and Police Lieutenant Victoria L. Brock, alleging a violation of her civil rights under 42 U.S.C. § 1983 as well as a number of state-law based claims.[2] Brock has filed a Motion to Dismiss and/or for Summary Judgment which Bailey opposes. The Court has determined to GRANT Brock's Motion to Dismiss.

I.

Bailey is a civilian employee of the Prince George's County Police Department and, at the time of the incident giving rise to this lawsuit, worked as an administrative assistant to the Commander of the District IV

---

1. Donna Bailey is the principal Plaintiff in this proceeding. Plaintiff Alexandre Bailey, her husband, claims only loss of consortium. All references to "Bailey" hereafter will signify Donna Bailey.

2. The § 1983 claims comprise Count I of Bailey's Amended Complaint. In Count II, Bailey has sued Prince George's County under 42 U.S.C. § 1986, which authorizes an action for neglect to prevent a conspiracy to interfere with civil rights.

Bailey's state law claims include Assault (Count III), False Arrest (Count IV), False Imprisonment (Count V), Intentional Infliction of Emotional Distress (Count VI), Negligent Supervision/Retention (Count VII), and Loss of Consortium (also styled Count VII). The Court will order that the Loss of Consortium count be renumbered as Count VIII.

Precinct, Major Mark Wright. Brock was at all relevant times a uniformed lieutenant in the Prince George's County Police Department. Brock was not Bailey's supervisor and exercised no control over her.

At the time of the incident in question, both Bailey and Brock were assigned to the District IV Police Station in Oxon Hill, Maryland. Although Bailey and Brock worked in separate buildings, the nature of their work required them to occasionally interact. Prior to June 10, 1996, the parties had had no unpleasant dealings with one another.

On that date, the situation changed. Bailey received a telephone call from Brock requesting the telephone number of a co-worker. When Bailey was unable to locate the number, she transferred Brock's call to Captain Frederick Nugent for assistance. Bailey's manner apparently displeased Brock. Shortly after, Brock came into Major Wright's office where Bailey was working and requested to speak with Bailey. The two entered into an unoccupied private office.

Once in the private office, Brock questioned Bailey about the manner in which she had handled the telephone inquiry. According to Bailey, the discussion became heated and Brock's questioning soon turned angry and threatening.

When Bailey attempted to leave the room, Brock purportedly blocked the exit and for a brief moment prevented Bailey from leaving. At that point, says Bailey, Brock placed her hand on her County-issued gun. The altercation ended when Bailey pushed past Brock and exited the room. Both parties immediately went to Major Wright's office to seek his intervention.

Following this incident and over the next year while the parties worked together in Oxon Hill, Bailey alleges that Brock repeatedly came to the Commander's Office and gave her "dirty looks" and stares. Bailey also says that Brock persistently used a "nasty tone" with her on the telephone.

Based on these events, Bailey filed the present lawsuit.

## II.

A complaint should not be dismissed pursuant to F.R.Civ.P. 12(b)(1) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir.1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The critical inquiry in the present case is whether Bailey has posed sufficient facts to survive the Motion to Dismiss.

## III.

Under 42 U.S.C. § 1983,[3] a plaintiff must first establish that the defendant acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *S.P. v. City of Takoma Park*, 134 F.3d 260, 269 (4th Cir.1998). A person acts under color of state law only when exercising "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). The alleged infringement of federal rights must be fairly attributable to the state. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

However, "[n]ot every action by a state official or employee is to be deemed as occurring 'under color' of state law." *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir.1989). "Acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983." *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir.1975) (quoted in *Revene v. Charles County Commissioners*, 882 F.2d 870, 872 (4th Cir.1989)). "[T]he nature of the act performed is controlling... The act therefore must be carefully scrutinized to

**3.** 42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

determine whether an officer, when either on or off duty, is acting under color of state law." *Revene,* 882 F.2d at 872. However, misuse of power possessed by virtue of state law, as opposed to a "purely personal pursuit," falls within § 1983. *Id.* at 873–74.

■ The second requirement under 42 U.S.C. § 1983 is that the defendant's conduct must have deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Jenkins v. Medford,* 119 F.3d 1156, 1159–60 (4th Cir.1997). Section 1983 provides no remedy for common law torts, *Street v. Surdyka,* 492 F.2d 368, 371 (4th Cir.1974); it creates a federal cause of action against those acting under color of state law who cause a deprivation of a federal constitutional right. *Id.* at 371. Although the same conduct can violate both state law and the federal Constitution, not all violations of state law rise to the level of a constitutional tort. *Id.*

### IV.

Bailey alleges that Brock acted under color of state law during their encounter of June 10, 1996, presumably effecting an illegal arrest and using excessive force in violation of Bailey's Fourth Amendment rights.

Brock has moved to dismiss on the grounds that she neither acted under color of state law nor deprived Bailey of any constitutional right. Brock submits that her actions toward Bailey consisted of nothing more than a personal dispute between individuals who happened to be employees of the County police department.

### V.

A. Bailey cites *Revene* to suggest that Brock's actions could be construed a misuse of power, constituting actions taken under color of state law. In *Revene,* plaintiff alleged that an off-duty, out-of-uniform Charles County police officer operating his own vehicle had followed plaintiff's decedent to his home and shot and killed him without provocation. The Fourth Circuit held that

such actions could be "viewed as consistent with an officer's misuse of power ... possessed by virtue of state law," thus falling within the purview of § 1983. *Revene,* 882 F.2d at 874.

Bailey invites the Court's attention to the fact that in the present case, the police officer (Brock) was on-duty, in uniform, in the office, and armed with a County-issued gun. The suggestion is that if the deputy sheriff in *Revene* could be held to be acting under color of state law when he was off-duty, out-of-uniform, and away from his station, then where the opposite of those indicia obtain, as in the present case, action under color of state law must necessarily be present.

■ This logic is flawed and neglects the more critical language of *Revene* which is that "the nature of the act performed is controlling." 882 F.2d at 872. An officer can be on-duty, in uniform, in the station house itself and still not be acting under color of state law. *See, e.g., Stengel v. Belcher,* 522 F.2d at 441 (whether police officer is "in or out of uniform is not controlling"); *Pitchell v. Callan,* 13 F.3d 545, 548 (2d. Cir.1994) (whether police officer was on or off duty when the challenged incident occurred is not dispositive); *Delcambre v. Delcambre,* 635 F.2d 407, 408 (5th Cir.1981) (police chief's assault on private citizen, though occurring at police headquarters, is not conduct under color of state law).

*Delcambre* offers parallels to the present case. There the chief of police assaulted his sister-in-law on the premises of a municipal police station. The sister-in-law was not arrested nor was she threatened with arrest. Affirming the district court's grant of summary judgment, the Fifth Circuit held that "the altercation arose out of an argument over family and political matters," 635 F.2d at 408, and found no act under color of law as required for § 1983 liability.

■ The only reasonable conclusion in the case at hand is that Brock was also engaged in a personal interaction. She was not performing a police function nor could she reasonably be believed to be.[4] Instead, she was

4. *See generally* Douglas S. Miller, *Off Duty, Off* *the Wall, But Not Off the Hook: Section 1983*

engaged in an office quarrel with a co-worker she thought had treated her rudely. Taking Bailey's version of the facts to be true, the most that can be said is that Brock, in a fit of pique, overreacted badly. But she did not arrest or threaten to arrest or even lay a hand on Bailey. She momentarily blocked a doorway and placed her hand on her gun. A conventional tort may or may not have occurred, but nothing approaching the violation of a constitutional right took place.

Bailey's § 1983 claim stops at the threshold. She has established no act by Brock that was taken under color of law.

B. Brock makes an alternative argument for dismissal. Bailey, she says, has alleged no violation of any constitutional right. Again the Court agrees with Brock. For the same reason that Bailey cannot establish action under color of law, i.e. because the dispute was nothing more than a personal if heated office dispute, she has established no constitutional violation.

### VI.

That much said, the Court need go no further. However, it may be added that even assuming Brock violated Bailey's constitutional rights, the Court would find as a matter of law that the right of a civilian police employee not to have a uniformed co-employee momentarily place her hand on her gun and block the exit from an office during a personal dispute was not clearly established at the time of the encounter. The result is that Brock would enjoy qualified immunity from suit. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Count I as to Defendant Brock will be dismissed with prejudice.

### VII.

Although the Court is inclined to view Bailey's state law claims as *de minimis* (especially that of intentional infliction of emo-

tional distress), the Court as a matter of discretion chooses to dismiss those claims— Counts III, IV, V, VI, and VIII—without prejudice. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

██ However, the Court notes before doing so that, with the dismissal with prejudice of any claim of individual liability on the individual officer's part, there can be no basis for ascribing § 1983 or § 1986 liability to Prince George's County. *See Temkin v. Frederick County Commissioners,* 945 F.2d 716, 724 (4th Cir.1991).[5] Accordingly, Bailey's civil rights claims against Prince George's County, Counts I and II, will be dismissed with prejudice. The only other counts against the County—Counts VII and VIII—will be dismissed without prejudice.

### VIII.

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss.

A separate Order will be entered implementing this decision.

### *ORDER*

Upon consideration of Defendant Brock's Motion to Dismiss and/or for Summary Judgment and Plaintiff's Opposition thereto, it is for the reasons set forth in the accompanying Opinion this 29th day of January, 1999

ORDERED that the count styled "Loss of Consortium" in the Amended Complaint presently designated as "Count VII" is hereby renumbered as "Count VIII;" and it is further

ORDERED that Defendant Brock's Motion to Dismiss is hereby GRANTED WITH PREJUDICE as to Count I of the Amended Complaint and WITHOUT PREJUDICE as to Counts III, IV, V, VI, and VIII; and it is further

ORDERED by the Court *sua sponte* that Counts I and II against Defendant Prince

---

*Liability for the Private Misconduct of Police Officials,* 30 Akron L.Rev. 325, 390 (1997).

5. Moreover, the § 1986 claim—neglect to prevent a conspiracy to interfere with civil rights— presupposes the existence of a conspiracy which

is nowhere alleged in the Amended Complaint. *See McCalden v. California Library Ass'n,* 955 F.2d 1214 (9th Cir.1990), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992).

George's County are hereby DISMISSED WITH PREJUDICE, and that Counts VII and VIII against Defendant Prince George's County are hereby DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Defendant Brock's Motion for Summary Judgment is hereby rendered MOOT; and it is further

ORDERED that the Clerk shall CLOSE this case.