Robert Newton BRYANT, Sr., Plaintiff,

v.

City Sergeant Andrew J. WINSTON, et al., Defendants.

Civ. A. No. 89–1251–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 14, 1990.
As Revised Nov. 26, 1990.

Robert Newton Bryant, Sr., pro se.

John Gibney, Jr., Shuford, Rubin, Gibney & Dunn, Richmond, Va., for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

Plaintiff Robert Newton Bryant, Sr., an inmate at the Richmond City Jail, brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when defendant Deputy James opened legal mail addressed to him out of his presence. Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Plaintiff has responded to defendants' motion, making this matter ripe for disposition. For the reasons stated below, the Court finds defendants' arguments persuasive and GRANTS the motion to dismiss.

Plaintiff alleges that on June 8, 1989, he received mail from his attorney that had been previously opened. The letter was clearly stamped "Legal Mail–Open in Presence of Inmate Only." Plaintiff claims that Deputy James was negligent in his duties and that plaintiff is thereby entitled to monetary damages. Defendant James does not dispute that the letter was opened out of plaintiff's presence, but contends that opening the letter was purely a mistake.

■ Prison officials may open mail from an attorney addressed to a prisoner only in the presence of the prisoner. *See Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff,* the Supreme Court struck down procedures at the Nebraska Penal and Correctional Complex that allowed prison officials to open and inspect mail from inmates' attorneys. Unlike the case at bar, the mail opening in *Wolff* was deliberately undertaken pursuant to prison policy. Here, the opening of plaintiff's mail was an isolated oversight.

■ The central issue in this case, then, is whether a negligent act depriving plaintiff of his right to be present when legal mail is opened rises to the level of a constitutional violation. Current case law confirms that it does not. For example, it appears settled in the Seventh Circuit that where plaintiff can show only that his legal mail was negligently opened, his claim is not actionable under § 1983. *Averhart v. Shuler,* 652 F.Supp. 1504 (N.D.Ind.), *aff'd,*

834 F.2d 173 (7th Cir.1987), *cert. denied,* 484 U.S. 1073, 108 S.Ct. 1045, 98 L.Ed.2d 1008 (1988). In *Averhart,* the court stated that while it did not condone the negligent opening of a prisoner's legal mail, it was compelled to conclude that such actions did not state a § 1983 claim. Similarly, in *Hendrix v. Faulkner,* 525 F.Supp. 435 (N.D.Ind.1981), the same court found that where there was no evidence to indicate a pattern or practice of opening or interfering with the delivery of legal mail, the plaintiff's claim did not rise to the constitutional level. *Id.* at 455. The district court's views in *Averhart* and *Hendrix* are supported by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), both of which stand for the settled proposition that an unintentional loss of a liberty interest, a right, or property as a result of negligent action does not rise to a level protected by the Fourteenth Amendment. Moreover, in *Daniels,* the Court held that where a government official's act causing injury to life, liberty or property is merely negligent, "no procedure for compensation is constitutionally required." *Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (quoting *Parratt v. Taylor,* 451 U.S. 527, 548, 101 S.Ct. 1908, 1919, 68 L.Ed.2d 420 (1981) (Powell, J., concurring in result)).

In this case, Deputy James was, at most, negligent for erroneously opening plaintiff's legal mail. Moreover, the record reflects that this unfortunate occurrence was an isolated event and not part of any pattern or practice. Accordingly, consistent with *Averhart* and *Hendrix* and following the principle established in *Davidson* and *Daniels,* this Court concludes that plaintiff's § 1983 claim against defendants must fail.

■ An additional reason supports the dismissal of plaintiff's claim against defendant Sergeant Winston in his capacity as Deputy James' supervisor. Simply put, an officer may not be held liable for actions of his deputy based on a theory of *respondeat superior* in a suit brought under 42 U.S.C.

§ 1983. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Furthermore, Sergeant Winston may be held liable in his official capacity as Sergeant at the Richmond City Jail only where an unconstitutional policy or practice is in effect at the jail. As stated above, no such policy or practice exists; instead, the complaint reflects that the incident complained of is no more than an isolated, negligent act.

An action may be dismissed for failure to state a claim upon which relief can be granted where all the relevant facts are adequately presented in the pleadings and are viewed in a light most favorable to plaintiff. *Simons v. Montgomery County Police Officers*, 762 F.2d 30 (4th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986); *see also Revene v. Charles County Commissioners*, 882 F.2d 870 (4th Cir.1989) (Fed.R.Civ.P. 12(b)(6) requires that a motion be viewed in a light most favorable to plaintiff). The dismissal ordered here meets this standard. Plaintiff's mail opening allegations fail to state a claim upon which relief can be granted, even assuming the allegations are true. Accordingly, the Court grants defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

An appropriate order shall issue.