**Theodore BLEDSOE, Plaintiff,**

v.

**Neil BIERY, et al., Defendants.**

**No. 90–3553–DES.**

United States District Court, D. Kansas.

Feb. 11, 1993.

Theodore Bledsoe, pro se.

Terry D. Hamblin, Office of Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, proceeds pro se and in forma pauperis in this action. Plaintiff claims his constitutional rights were violated by the opening outside his presence of certain correspondence addressed to him. He seeks declaratory judgment, damages, and other unspecified relief.

Defendants have filed a motion for summary judgment (Doc. 13), and plaintiff has filed a response (Doc. 16). This matter is ripe for review, and the court makes the following findings and order.

*Factual Background*

All the events at issue in this matter took place while plaintiff was incarcerated at the Norton Correctional Facility–East, Stockton, Kansas ("NCF–East"). Plaintiff alleges he received mail on five occasions which had been improperly opened outside his presence. This mail, described in plaintiff's complaint, consisted of a letter from the "Social Security Medical Institution" received on or around August 7, 1990; a letter from the "Veterans Administration Medical Institution"; a letter from "Assistant Attorney General Brungardt" received or about October 28, 1990; a letter from the Office of Kansas Attorney General received or about November 1, 1990; and a letter from the "Kansas Parole Board director" received on or about November 15, 1990.

An investigation into these allegations revealed that of the mail described by plaintiff, two pieces were mail involving a legal matter and were in fact opened by defendant Biery, then employed as a mail officer at NCF–East. The first was a pleading filed by Special Assistant Attorney General Steve Brungardt in an action filed in the District Court of Rooks County, Kansas. The envelope opened bore the return address of the Ellsworth Correctional Facility, where Brungardt's office is located. The second piece of mail was a responsive pleading filed on behalf of the Kansas Parole Board in the same matter. The return address of the second piece of mail was the Office of the Kansas Attorney General at the Kansas Judicial Center. Although both pieces of mail were from attorneys involved in litigation in which plaintiff was a party, it does not appear either piece of mail was marked as legal mail.[1]

The internal investigation developed no information concerning the correspondence from the Kansas Parole Board, and it also

remains unclear who opened the mail from the medical institutions.

Upon plaintiff's complaint regarding these instances of opened mail, the facility took corrective action by providing additional training for officers who handle inmate mail.

## DISCUSSION

Summary judgment is properly only when the evidence indicates there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In resisting a motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230 (10th Cir.1990).

It is settled that an inmate's legal mail may be opened by prison officials only in the presence of the inmate. To facilitate the identification of legal mail, prison officials may require that such material be specially marked by the sender. *Wolff v. McDonnell,* 418 U.S. 539, 575–77, 94 S.Ct. 2963, 2984–85, 41 L.Ed.2d 935 (1974). The privileged treatment accorded legal mail stems from its importance in protecting inmates' right of access to the courts.

The Kansas Administrative Regulations expressly provide that "mail which is clearly identified as legal, official, or privileged mail shall be opened only in the inmate's presence." K.A.R. 44–12–601(e). Le-

1. Neither envelope is in plaintiff's possession.

gal mail is defined to include "letters between the inmate and the inmate's lawyer, a judge, a clerk of a court, any lawyer, or any intern or employee of legal services for prisoners." K.A.R. 44–12–601(a)(1). In contrast, official mail is defined as "mail to an official of the state or federal government who has authority to control, or to obtain or conduct an investigation of, the custody or conditions of confinement of the inmate." K.A.R. 44–12–601(a)(2). Finally, privileged mail is defined as "any mail between the inmate and the inmate's doctor." K.A.R. 44–12–601(a)(3).

In this case, it is uncontested that two letters sent to plaintiff regarding legal matters were opened outside plaintiff's presence. It is less certain, however, that these items were clearly identified, as contemplated by the state regulation, as one bore the return address of a state correctional facility and the other the address of the Office of the Attorney General at the Kansas Judicial Center.

Having considered the record, the court is persuaded the opening of plaintiff's mail outside his presence was an inadvertent act which does not rise to constitutional dimension. The court reaches this conclusion in light of the uncertain identification of the items in question as requiring special handling, the absence of any showing of a pattern of improperly opening inmates' legal mail, and the immediate response of the institution to the plaintiff's complaint. The sheer number of items of correspondence processed by a mail officer suggests to the court that some items inevitably will be mishandled, and the court finds nothing in the record which reasonably supports a claim of intentional malfeasance.

■ Because the negligent mishandling of an inmate's mail does not violate the Constitution, *Bryant v. Winston*, 750 F.Supp. 733 (E.D.Va.1990); *Bruscino v. Carlson*, 654 F.Supp. 609 (S.D.Ill.1987), *aff'd*, 854 F.2d 162 (7th Cir.1988), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3193, 105 L.Ed.2d 701 (1989); *Averhart v. Shuler*, 652 F.Supp. 1504 (N.D.Ind.), *aff'd*, 834 F.2d 173 (7th Cir.1987), *cert. denied*, 484 U.S. 1073, 108 S.Ct. 1045, 98 L.Ed.2d 1008

(1988), the court concludes defendants are entitled to summary judgment in this matter.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendants.