**Vincent Anthony McNEAL, Sr., Plaintiff,**

v.

**Sheriff Joseph HARPER, Jr., Defendant.**

**No. 92cv579.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 31, 1993.

Vincent Anthony McNeal, Sr., pro se.

Archer L. Yeatts, III, Maloney, Yeatts & Barr, Richmond, VA, for Sheriff Harper.

## MEMORANDUM OPINION AND ORDER

PAYNE, District Judge.

Plaintiff, Vincent Anthony McNeal, Sr., a Virginia inmate, commenced this action under 42 U.S.C. § 1983, alleging that Sheriff Joseph Harper, Jr. violated his constitutional rights. According to the complaint, McNeal awoke one night in his cell at the Petersburg City Jail, smelled something burning, and called for help. Deputy Manilla, one of Harper's subordinates, responded to the call. Instead of escorting McNeal from his cell, however, the complaint alleges that Deputy Manilla closed the only door providing ventilation and turned off the lights. Claiming the incident caused him to become paranoid and afraid for his life, plaintiff seeks $1,000,-000 in compensatory damages. Plaintiff's request to proceed *in forma pauperis* was granted on November 23, 1992.

Sheriff Harper has filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). After notice by the court, McNeal responded to Sheriff Harper's motion, and Harper has replied, making this matter ripe for disposition. For the reasons set forth below, the court grants the motion to dismiss.

## DISCUSSION

In considering a motion to dismiss, the court must liberally construe plaintiff's *pro se* complaint, taking all factual allegations as true. *E.g., Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1989). Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate, however, if it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam).

It is well settled that liability will lie under § 1983 only "where it is affirma-

tively shown that the official charged acted personally in the [alleged] deprivation of plaintiff's rights." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir.1977). The doctrine of *respondeat superior* therefore "has no application under [§ 1983]." *Id.; see also Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bryant v. Winston,* 750 F.Supp. 733, 734–735 (E.D.Va.1990) (observing that "an officer may not be held liable· for actions of his deputy based on a theory of *respondeat superior* in a suit brought under 42 U.S.C. § 1983.").

Here, the complaint does not allege that Sheriff Harper was personally involved in the alleged denial of McNeal's constitutional rights. Indeed, McNeal concedes as much in his brief in opposition to Sheriff Harper's motion to dismiss, but argues that Harper should be held "indirectly liable" for the conduct of Deputy Manilla. Even liberally construed, however, the complaint fails to state a claim for "supervisory liability."

 Under certain circumstances supervisory officials can be held liable for the constitutional injuries inflicted by their subordinates. *See, e.g., Slakan v. Porter,* 737 F.2d 368, 372 (4th Cir.1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). Supervisory liability "is not premised on *respondeat superior,* but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* (citations omitted). Significantly, because plaintiffs alleging supervisory liability have the heavy burden of proving that the supervisor was deliberately indifferent to or tacitly authorized practices amounting to "a pervasive and unreasonable risk of harm from

some specified source," *id.* 737 F.2d at 373, a plaintiff ordinarily cannot meet this burden by pointing only to a single incident or isolated incidents of subordinates' misconduct. *See, e.g., id.* at 373; *Avery v. County of Burke,* 660 F.2d 111, 114 (4th Cir.1981).

 Here, the alleged facts, even liberally construed, fall short of meeting this burden. There is no allegation of deliberate indifference to, or tacit authorization of, pervasive misconduct on behalf of Sheriff Harper's deputies. At most, the complaint alleges an isolated incident of possible misconduct by one of Sheriff Harper's deputies. These allegations are simply insufficient to sustain a colorable claim of supervisory liability.

 To the extent McNeal alleges a cause of action against Sheriff Harper in his official capacity, the complaint similarly fails to state a viable claim. Sheriff Harper may be held liable in his official capacity only if the implementation of an unconstitutional policy or practice at the jail caused McNeal's injury. *See, e.g., Winston,* 750 F.Supp. at 735. As stated above, the complaint failed to allege such a policy or practice, but pointed only to a single incident of possible misconduct by a subordinate.[1]

## CONCLUSION

For the foregoing reasons, the court grants Sheriff Harper's motion to dismiss under Fed.R.Civ.P. 12(b)(6).

Plaintiff is advised that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice may be filed without prepayment of costs or giving of security,

---

1. In his memorandum in opposition to defendant's motion to dismiss, McNeal argues that Sheriff Harper was negligent in not overseeing the safety of the inmates by "personally see[ing] to it that there's proper ventilation, and that the smoke detectors in each cell block is [sic] in good working order." According to McNeal, Sheriff Harper's alleged negligence "could mean·the difference between life and death." This claim was not set forth in the complaint, and, even if it were, it would state no cause of action against Sheriff Harper.

McNeal does not claim that the smoke detectors were inoperable on the date in question such that no one responded to the alleged smokey conditions in his cell. Nor does he complain that the jail lacked ventilation. Rather, he complains that Deputy Manilla arrived and closed the door that did provide ventilation. It is therefore this isolated incident of alleged misconduct by a subordinate, not Sheriff Harper's indifference to or tacit approval of pervasive abuses, that forms the basis of McNeal's claim.

but must be received by the Clerk within thirty (30) days from the date of this order.