**Amy C. DELCAMBRE,**
**Plaintiff–Appellant,**

v.

**L. E. DELCAMBRE, Jr., et al.,**
**Defendants–Appellees.**

No. 80–3497
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 26, 1981.

Anatole J. Plaisance, New Orleans, La., for plaintiff–appellant.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Edward C. Abell, Jr., Lafayette, La., Theodore M. Haik, Jr., New Iberia, La., for defendants–appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant, Amy C. Delcambre, claims that she was restrained and assaulted by her brother–in–law L. E. Delcambre, Jr., the Chief of Police of the Town of Delcambre, Louisiana. She brought this civil rights action under 42 U.S.C. §§ 1983 and 1985 against Chief Delcambre, the Town of Delcambre and the Traders and General Insurance Company. Prior to trial, the District Court dismissed the action against the Town of Delcambre. Subsequently, after a full blown trial, including testimony by a host of Delcambres, the court determined that a federal claim had not been proven and that the exercise of pendent jurisdiction would be inappropriate. Accordingly, the case was dismissed as to the remaining defendants. Because we find no merit to the various claims of error raised on this appeal, we affirm.

The precise circumstances surrounding the incident in question were hotly contested at trial. It appears uncontroverted that on or about the evening of November 24, 1975, an altercation occurred between Chief Delcambre and Amy Delcambre on the premises of the municipal police station located virtually in the backyard of Amy Delcambre's home. Although the District Court found that at the time of the incident Chief Delcambre was on duty, the court further found, we believe correctly, that the altercation arose out of an argument over family and political matters and that Amy Delcambre was neither arrested nor threatened with arrest.

On the basis of these fact findings, there are no grounds for reversal. First, the court correctly dismissed the action against the Town of Delcambre. Although there are instances in which a municipality may be held liable for the tortious acts of its officials, this is clearly not such a case. *See Monell v. New York City Dep't. of Soc. Serv.*, 438 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Second, the court correctly dismissed the entire action on the grounds that Amy Delcambre failed to prove a cause of action under 42 U.S.C. § 1983.[1] Although Chief Delcambre allegedly assaulted Amy Delcambre on the premises of the municipal police station, it is clear that he was not acting under color of law as required for liability under that statute. *See Kellerman v. Askew*, 541 F.2d 1089, 1090 (5th Cir. 1976); *Greco v. Orange Memorial Hospital Corporation*, 513 F.2d 873, 877 (5th Cir. 1975). Finally, we do not find that the District Court erred in refusing to decide this case under pendent jurisdiction, a matter within the discretion of the court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Westchester Corporation v. Peat, Marwick, Mitchell & Co.*, 626 F.2d 1212, 1217 (5th Cir. 1980); *Pharo v. Smith*, 621 F.2d 656, 674–75 (5th Cir. 1980). In light of these findings, we need not reach Amy Delcambre's other points of error.

AFFIRMED.

---

1. Amy Delcambre does not press a 42 U.S.C. § 1985 claim on appeal, nor do we see a basis for such a claim.