Joseph H. FRAGMIN, Plaintiff,

v.

John WALKER, Clarksburg City Police Department, Robert Linville, Deputy Sheriff of Harrison County and Administrator of the Harrison County Correctional Center, and Hon. Nelson L. Blankenship, Sheriff of Harrison County, WV, individually and in their official capacities, and the City of Clarksburg, a municipal corporation, Defendants.

Civ. A. No. 84–0002–C(K).

United States District Court,
N.D. West Virginia,
Clarksburg Division.

Oct. 3, 1984.

Kenneth P. Simons, Simmons & Simons, Fairmont, W. Va., for plaintiff.

Herbert G. Underwood and Frank E. Simmerman, Jr., Steptoe & Johnson, Clarksburg, W. Va., for Linville and Blankenship.

Alfred J. Lemley, Furbee, Amos, Webb & Critchfield, Fairmont, W. Va., for Walker and City of Clarksburg.

### ORDER

KIDD, District Judge.

On July 17, 1984, the defendant City of Clarksburg filed its motion to dismiss and memorandum of law in support thereof. Pursuant to Rule 2.06 of the Local Rules of this Court, any memorandum of law in opposition shall be filed fourteen days thereafter and any reply brief ten days after the opposition memorandum has been filed. The plaintiff having failed to file a memorandum of law in opposition, the Court will rule upon the motion as presently before it.

Plaintiff's complaint is pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, and alleges a deprivation of plaintiff's civil rights. The plaintiff also invokes this Court's jurisdiction as to certain pendent common law claims against the defendants. A hearing was held on this motion on September 14, 1984. The Court found that in addition to the civil rights claims, pursuant to 42 U.S.C. § 1983, that plaintiff also pleads certain common law claims against the defendant City of Clarksburg under the pendent jurisdiction doctrine.

With regard to the plaintiff's claims pursuant to 42 U.S.C. § 1983, plaintiff's complaint fails to allege any cause of action against the City of Clarksburg. It is clear that municipalities and other local governmental units are not liable under the theory of respondeat superior for unconstitutional acts committed by their employees. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The United States Supreme Court in *Monell* held that a municipality may be sued, "like every other 1983 'person'," for constitutional deprivations resulting from custom, policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers. *Monell v. Department of Social Services, Id.* at 690–91, 98 S.Ct. at 2035–36. Unsupervised acts of individual or lower level officers would not come within the guise of official "policy" or "custom." *Richardson v. City of Indianapolis,* 658 F.2d 494 (7th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1442, 71 L.Ed.2d 657 (1982). *See also: Herrera v. Valentine,* 653 F.2d 1220 (8th Cir.1981); *Delcambre v. Delcambre,* 635 F.2d 407 (5th Cir.1981); *Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979)). Judge Robert E. Maxwell in *Leland W. Ramley, Jr. v. Joseph F. Merendino, et al.,* 82–0104–C (1982), held that municipalities could not be held liable solely on the theory of respondeat superior and that "simple negligence" is insufficient to support liability of municipalities for inadequate training, supervision, and control of individual police officers. Judge Maxwell, in the *Ramley* case, cited *City of Newport v. Fact Concerts,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), which held that municipalities are immune from punitive damages under 42 U.S.C. § 1983.

Plaintiff's complaint does not allege any acts committed by the City of Clarksburg. Further, plaintiff does not contend that his constitutional rights have been deprived due to official custom, policy statement, ordinance, regulation, or decision. In fact, plaintiff's complaint fails to allege any claim against the City of

Clarksburg even though it is named as a defendant. It is clear that municipalities are not liable under the theory of respondeat superior and further are not liable for unsupervised acts of its employees. *Richardson v. City of Indianapolis*, 658 F.2d 494 (7th Cir.1981).

Based upon the foregoing reasons the claims based upon 42 U.S.C. § 1983 against the defendant City of Clarksburg are hereby DISMISSED.

The next issue is whether the common law claims against the defendant City of Clarksburg would properly be before this Court once any civil rights claims, pursuant to 42 U.S.C. § 1983, against the defendant have been dismissed.

■■■ Federal courts, under the pendent jurisdiction doctrine, have the power to adjudicate state law claims that may arise from facts underpinning the federal cause of action. Therefore, the plaintiff may plead state claims that parallel federal claims (*i.e.*, excessive force and assault and battery (state)), in the area of police abuse. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) provides that the court must make two determinations in deciding whether to exercise pendent jurisdiction. The Court must first determine if the federal claim is substantial and whether the state claim arises from the same "nucleus of operative facts." Then the court must decide whether the circumstances before it weigh against exercising its discretion. Since pendent jurisdiction is discretionary the court should consider such factors as convenience, fairness to the litigants and judicial economy. *Moos v. County of Alameda*, 411 U.S. 693, 711–12, 93 S.Ct. 1785, 1796–97, 36 L.Ed.2d 596 (1973).

The United States Supreme Court in *UMW v. Gibbs, supra,* set forth certain instances where the exercise of discretionary jurisdiction would be improper:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. In the present case, for example, the allowable scope of the state claim implicates the federal doctrine of pre-emption; while this interrelationship does not create statutory federal question jurisdiction, *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, its existence is relevant to the exercise of discretion. Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.Rule Civ.Proc. 42(b). If so, jurisdiction should ordinarily be refused.

*UMW v. Gibbs, supra.*

In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1976), the Court rejected a pendent claim against a municipal defendant holding that since the municipality could not be sued under 42 U.S.C. § 1983, there was no basis for federal jursidiction against the municipality.

■■■ In this instance the court dismissed the civil rights claims pursuant to 42 U.S.C. §.1983, prior to trial. Further, there are no other federal claims pending against the City of Clarksburg and only those common law claims addressed herein remain against this defendant. Based upon the foregoing reasons and law the Court hereby DISMISSES the plaintiff's common law claims

against the defendant City of Clarksburg. It is accordingly so ORDERED.

Therefore, the defendant City of Clarksburg should be dismissed from this action and it is so ORDERED.