**James Harry Hebert BORDAGES, Jr., Plaintiff,**

v.

**H.N. McELROY, Defendant.**

**Civil Action No. H–92–2718.**

United States District Court, S.D. Texas, Houston Division.

March 1, 1996.

Claude B. Masters, Masters & Associates, Houston, TX, for H.N. McElroy.

James Harry Hebert Bordages, Jr., Houston, TX, pro se.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before this Court is **Defendant H.N. McElroy's Motion to Dismiss or, in the Alternative, for Summary Judgment.** [Doc. # 15]. Plaintiff, proceeding *pro se,* has responded to this motion. [Doc. # 17].

### Dismissal and Summary Judgment Standards

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when, taking the facts alleged in the complaint as true, it appears certain that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992)).

Summary judgment is appropriate when "the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Bozé v. Branstetter,* 912 F.2d 801, 804 (5th Cir.1990). The facts in the summary judg-

ment record are to be reviewed with all inferences drawn in favor of the party opposing the motion, *Bozé,* 912 F.2d at 804 (*citing Reid v. State Farm Mutual Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)), and the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. *Little,* 37 F.3d at 1075.

### *Factual Background*

On or about September 7, 1990, Plaintiff was arrested by Sergeant R.W. Ricks of the Harris County Sheriff's Department. Sergeant Ricks works at the Cypresswood Substation. Plaintiff was charged with unauthorized possession of a 1990 Nissan 300 ZX automobile. Defendant H.N. McElroy, Justice of the Peace at the Cypresswood Substation, was present at Plaintiff's arrest and, according to Plaintiff, directed Sergeant Ricks to make the arrest.

Plaintiff states that Defendant, along with Troy Yokem of North Freeway Nissan and two Harris County deputies, came to his home on September 7, 1990. Plaintiff's Original Complaint (hereinafter "Complaint"), at 3–4. Plaintiff alleges that Defendant and the others came onto his property and harassed him and his mother, although they had no arrest warrant or search warrant and no crime was in progress at the time. *Id.* at 3; Plaintiff's Opposition to Defendant's Motion to Dismiss [Doc. # 17] (hereinafter "Plaintiff's Opposition"), at III. He states that, when Plaintiff and his mother went outside to speak with the officials, Defendant was verbally abusive to them and insisted that the 1990 Nissan in Plaintiff's driveway belonged to him and had been stolen by Plaintiff. Complaint, at 4.[1] Plaintiff states that, upon orders from Defendant, he was placed in handcuffs and seated in the rear of an unmarked sheriff's car and that, when his mother offered to produce documentation

from the glove compartment to verify ownership, she repeatedly was told to "shut up" and was not allowed to touch the car. *Id.* at 4.

Plaintiff further states that one of the sheriff's deputies called the dispatcher from the sheriff's vehicle in order to determine whether or not the 1990 Nissan had been reported stolen. The deputy gave the Vehicle Identification Number ("VIN"), and was told by the dispatcher that the vehicle was not reported stolen. Complaint, at 4; Plaintiff's Opposition, § III. When the deputy informed Defendant of what the dispatcher had said, Plaintiff alleges, Defendant grabbed the microphone and shouted, "This is Judge H.N. McElroy, what the hell do you mean this car isn't stolen?' " Complaint, at 4; Plaintiff's Opposition, § IV. Plaintiff also claims that, when the deputy sheriff said that Plaintiff could not be arrested under the circumstances, Defendant ordered that Plaintiff be taken to "his jail." Plaintiff's Opposition, § IV; Complaint, at 5.

Plaintiff states that he was arrested and, on Defendant's orders, confined without bond. Complaint, at 5. He claims that the vehicle and all property in the vehicle was confiscated, *id.,* at 3, but that, rather than allowing the car to be impounded and driven away, Defendant took the ignition key from Plaintiff's pocket and drove the car away himself. *Id.* at 5. He further states that Defendant continued to threaten him while at the Cypresswood Substation, stating that he would "[p]ersonally see to it that you get buried under the jail." *Id.* at 5. Finally, he states that during his incarceration he was brought before Defendant numerous times to answer for three previous traffic violations, for which he had been sentenced to time served, and that Defendant was rude and abusive to him from the bench, making state-

---

1. Plaintiff states that he had purchased the car from a private owner, and that he had been in possession of the car for approximately two months at the time of the September 7, 1990 incident. Complaint, at 4. Plaintiff further states that, during the time he was in possession of the car, a background check was conducted by the Texas Department of Public Safety and the Harris County District Attorney's Office, and that

neither office had records indicating that the vehicle had been stolen. *Id.*

The Court notes that these statements by Plaintiff are inconsistent with Defendant's claim that he had leased the vehicle from Troy Yokem of North Freeway Nissan on August 8, 1990 and that it had been stolen from him on August 11, 1990. Affidavit of H.N. McElroy (Exhibit A to Doc. # 16), at 1.

ments such as "I know you, you're the little son of a bitch that stole my car." *Id.* at 5.

According to Defendant, the charge against Plaintiff of unauthorized use of a motor vehicle was dismissed on December 27, 1990.[2] *See* Defendant's Memorandum in Support of His Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. # 16] (hereinafter "Defendant's Memorandum"), at 1.

Defendant has filed an affidavit which states that he had leased the Nissan on or about August 8, 1990, but the vehicle was stolen from a Houston parking lot on August 11, 1990. Affidavit of H.N. McElroy (Exhibit A to Defendant's Memorandum) (hereinafter "McElroy Affidavit"), at 1. Defendant states that he reported the theft to the Houston Police Department on August 11, 1990. *Id.* The affidavit further states that, due to information which Defendant "received from an unknown informant and thereafter conveyed to the Harris County Sheriff's Department," Plaintiff was arrested and the vehicle was recovered from Plaintiff's possession on September 7, 1990. *Id.* at 2. However, Defendant states that he did not participate in any capacity with the arrest, charging, prosecution, or imprisonment of Plaintiff. *Id.*

Defendant argues that, even assuming that Plaintiff's pleadings are true, Plaintiff has not stated a claim upon which relief can be granted because, although Defendant was present at Plaintiff's arrest on September 7, 1990, had investigated the theft of the vehicle, and acted as a witness against Plaintiff, he neither arrested Plaintiff, filed charges against him, took him to jail, participated officially in his prosecution, nor imprisoned him. Defendant's Memorandum, at 2–3. In earlier papers Defendant asserted absolute judicial immunity,[3] since part of Plaintiff's complaint is based upon Defendant's judicial actions of presiding over the adjudication of Plaintiff's traffic tickets.

Plaintiff has complained of false arrest, false imprisonment, and malicious prosecution, arguing that there was no arrest warrant, no search warrant, and that no crime was being committed in plain view. He makes his claims pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. *See* Plaintiff's Opposition. As this Court ruled in its Order entered on September 29, 1993 (*see* Doc. # 13), Section 1983 can support these claims. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1303 (5th Cir.1995); *Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir.1992).

### Discussion

 The fundamental question raised by this motion is whether Defendant is a proper party to this Section 1983 action. Plaintiff has not explicitly stated whether this suit is brought against Defendant in his official or individual capacity.[4] The proper capacity may therefore be deduced from the course of the proceedings. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985). Since Plaintiff has made no complaint about an official policy or custom of a governmental entity, but instead complains only of Defen-

---

2. Plaintiff has stated that he also was arrested by the Stafford Police Department on August 18, 1990, presumably on an unrelated charge. At that time, the same 1990 Nissan was seized, towed, and impounded. Upon being released on bail, Plaintiff submitted verification of ownership of the Nissan and, after he paid the wrecker service the amount owed, the vehicle was returned to him. *See* Plaintiff's Opposition, § VI. This tends to support his claim of legitimate ownership of the vehicle on September 7th. Furthermore, it is in conflict with Defendant's claim that he had reported the 1990 Nissan as stolen on August 11, 1990, *see* McElroy Affidavit, at 1, since presumably the police would have run a check on the vehicle before releasing it to Plaintiff following the August 18th arrest.

3. *See* Defendant's Motions Pursuant to F.R.C.P. 9(b), 12(b)(1), 12(b)(6), 12(e), 12(f) and Subject to Such Motions Defendant's Answer to Complaint [Doc. # 5].

4. Actions brought under § 1983 may be brought against public officials in either their official or personal capacities. Official capacity suits are " 'another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). By contrast, personal capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Id.*

dant's allegedly improper actions taken under color of state law, the Court construes this to be a suit against Defendant in his personal capacity.

■ The allegations that Defendant forced Plaintiff to appear before him repeatedly and unnecessarily for traffic violations, and that Defendant was verbally abusive from the bench, *see* Complaint, at 5, do not state a claim upon which relief could be granted. Even assuming these allegations were true, absolute judicial immunity would attach. Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir.1995). The immunity attaches even if the action was taken in error, was done maliciously, or was done in excess of the judge's authority. *Id.; Brandley v. Keeshan*, 64 F.3d 196, 200–01 (5th Cir.1995), *cert. denied*, — U.S. —, 116 S.Ct. 947, 133 L.Ed.2d 872 (1996); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir.1994). Therefore, all claims against Defendant which pertain to his actions or conduct from the bench are dismissed.

As to the allegations pertaining to Plaintiff's arrest and prosecution, Defendant clearly was not acting within the scope of his duties as a justice of the peace when he was present at Plaintiff's arrest. Defendant argues that he is not liable under § 1983 because he was not acting as an official, but was merely pursuing the private aim of recovering his personal automobile. In support of this argument, Defendant relies upon § 124.001 of the Texas Civil Practice & Remedies Code, which provides that a "person who reasonably believes that another has stolen or is attempting to steal property is privileged to detain that person in a reasonable manner and for a reasonable time to investigate ownership of the property." *See* Defendant's Answer to Complaint [Doc. # 5], at 6.[5]

■ Private acts are not considered to be done "under color of law" merely because the actor is a public official. *Manax v.*

*McNamara*, 842 F.2d 808, 812 (5th Cir.1988). However, a "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *Jackson v. State of Louisiana*, 980 F.2d 1009, 1011 n. 6 (5th Cir.1993) (quoting *U.S. v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)) (internal quotation marks omitted). An official may be found to have acted "under color of law," and thus to be liable in his personal capacity, even if the officer was acting for "purely personal reasons." *U.S. v. Tarpley*, 945 F.2d 806, 809 (5th Cir.1991), *cert. denied*, 504 U.S. 917, 112 S.Ct. 1960, 118 L.Ed.2d 562 (1992). Whether or not an official is acting "under color of law" does not depend on the officer's duty status at the time of the alleged violation. *Tarpley*, 945 F.2d at 809; *Delcambre v. Delcambre*, 635 F.2d 407 (5th Cir.1981).

■ In this case, Plaintiff alleges that Defendant made improper use of his official position as a justice of the peace to direct Plaintiff's arrest, imprisonment, and prosecution, and that Sergeant Ricks carried out the orders. Among other acts alleged, Defendant ordered Plaintiff to be arrested and taken to "his jail," despite being told by the deputy sheriff that the car was not reported as stolen and that arrest was improper under the circumstances. A misuse of power of this sort, if proven, suffices to establish action "under color of law." *See Jackson*, 980 F.2d at 1011 n. 16.

As for the allegations about Plaintiff's arrest, imprisonment, and prosecution and the confiscation of his vehicle, the Court finds that, taking the facts alleged in the complaint as true, Plaintiff has stated a claim which would entitle him to relief. Therefore, dismissal under Rule 12(b)(6) is not appropriate. Furthermore, summary judgment is improper because, drawing all inferences in favor of Plaintiff, Defendant has not established that there is no genuine issue of material fact. Therefore, it is

---

5. Defendant has asserted no immunity as to his alleged actions during the arrest and prosecution of Plaintiff, presumably because of the argument that he was acting as a private citizen.

ORDERED that Defendant's **Motion to Dismiss or, in the Alternative, for Summary Judgment** [Doc. # 15] is **DENIED,** except insofar as Plaintiff alleges claims against Defendant pertaining to Defendant's actions or conduct on the bench, which claims are barred by absolute judicial immunity and therefore are **DISMISSED.**

Discovery matters and case management schedule will be addressed by separate orders.