**Barbara MONSKY, For Herself and In Behalf of All Similarly Situated, Plaintiff,**

**v.**

**Howard J. MORAGHAN, Individually and In His Official Capacity, Defendant.**

**No. 3:96 CV 1951 (GLC).**

United States District Court, D. Connecticut.

Nov. 27, 1996.

As Modified Dec. 3, 1996.

Nancy Burton, Redding Ridge, CT, for plaintiff.

Williams, Cooney & Sheehy by Michael C. Deakin, Goldstein & Peck, P.C. by Dennis M. Laccavole, Bridgeport, CT, for defendant.

*MEMORANDUM DECISION*

GOETTEL, District Judge:

Plaintiff Barbara Monsky ("Monsky") brings this suit on behalf of herself and other similarly situated women against defendant Howard J. Moraghan ("Judge Moraghan"), alleging that Moraghan unleashed his dog[1] to commit offensive acts against plaintiff and other women, thereby violating 42 U.S.C. § 1983.[2] Monsky claims that the dog repeatedly "poked its snout under her skirt and projected its snout upward toward the plaintiff's crotch" while she was in the clerk's office at the Danbury Superior Court. Monsky further alleges that Judge Moraghan, a judge of the Superior Court of the State of Connecticut, did nothing to restrain his dog and "broke into a smirk as he observed the plaintiff's obvious discomfort."

Judge Moraghan claims that plaintiff has not set forth facts to give rise to a nonfrivolous lawsuit and, even assuming that she has, he was not acting under the color of state law as required under § 1983. Judge Moraghan moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction, or in the alternative, failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. While the facts alleged in the complaint suggest that it is a frivolous action perhaps stemming from the plaintiff's (or her counsel's) dissatisfaction with the judge's decisions, we GRANT defendant's motion to dismiss (Document # 8) on the limited grounds that plaintiff has not alleged facts sufficient to support federal subject matter jurisdiction.

A district court should grant a motion to dismiss if it is clear that, under any set of facts that could be proved consistent with the allegations, no relief could be granted. Fed. R.Civ.P. 12(b)(6); *H.J. Inc. v. Northwestern Bell Telephone, Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989). In so deciding, a court is limited to the facts alleged in the complaint, which it must construe in the light most favorable to the plaintiff. *Staron v. McDonald's Corp. et al.,* 51 F.3d 353, 355 (2d Cir.1995); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In order to state a claim under § 1983, a plaintiff must demonstrate that a person acting under the color of state law committed the conduct complained of, and that such conduct deprived the plaintiff of a right secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). A person acts under the color of state law when his actions are committed in the performance of any actual or pretended duty, and are not committed in the ambit of his personal pursuits. *Bonsignore v. City of New York,* 683 F.2d 635, 638–639 (2d Cir. 1982).

The test for state action, however, is not dogmatic. Thus, the fact that the actor is an employee of the state is not dispositive of whether his conduct was committed under the color of state law. *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir. 1996); *Pitchell v. Callan,* 13 F.3d 545, 548 (2d Cir.1994). Similarly, the fact that the actor is wearing a uniform that indicates state employment, or that the conduct occurs on state grounds, is not sufficient to trigger § 1983. *Gibson v. City of Chicago,* 910 F.2d 1510, 1516 (7th Cir.1990); *Delcambre v. Delcambre,* 635 F.2d 407, 408 (5th Cir.1981). Rather, in determining whether an individual's actions are taken under the color of state law, the court must examine the totality of the circumstances, the nature of the conduct, and the relationship of that conduct to the performance of the actor's official duties. *Martinez v. Colon,* 54 F.3d 980, 986 (1st Cir.1995). For "conduct to relate to state authority, it must bear some similarity to the nature of the powers and duties assigned to the defendant[ ]." *Dang Vang v. Vang Xiong Toyed,* 944 F.2d 476, 480 (9th Cir. 1991).

---

1. The complaint does not identify the dog, but gives the impression that it is a large, hostile animal. Newspaper reports state that it is a female golden retriever—a breed known for its friendly behavior.

2. Various state law claims are also alleged. A class has not been certified.

Contrary to plaintiff's contention, there simply is no indicia that Judge Moraghan's actions complained of here were committed under the color of state law. Plaintiff alleges that because "at all times pertinent to the complaint [defendant] has been and still is a judge of a the Superior Court of the State of Connecticut," his actions were committed under the color of state law. That argument does not give us pause. Arguing that, because an individual is a state employee, his conduct is state action is tantamount to the tail wagging the dog: Status as a state employee is not enough to establish action under the color of state law. *Pitchell v. Callan,* 13 F.3d at 548.

Plaintiff also suggests that Judge Moraghan's conduct is actionable under § 1983 because he "was able to have the dog with him inside the Courthouse only because of his official position, which he abused when he employed the dog to sexually harass the Plaintiff." [3] In support of her contention, plaintiff cites *Harris v. Harvey,* 605 F.2d 330 (7th Cir.1979), *cert. denied,* 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980), in which the Seventh Circuit found that a district court judge acted under the color of state law when he maliciously threatened witnesses with prosecution and perjury because they would not incriminate the plaintiff and issued an arrest warrant for plaintiff without probable cause. *Id.* at 333–334.

Here, by contrast, Judge Moraghan did not abuse a power he possessed by virtue of state law. In fact, we can say with certainty that there is no Connecticut State law authorizing a Superior Court judge to bring a dog into the Courthouse.[4] Judge Moraghan's choice to bring his dog to work appears to stem from personal pursuits and such activities are outside the scope of § 1983. *Bonsignore v. City of New York,* 683 F.2d at 638–639. Unless Judge Moraghan caused plaintiff's deprivation by exercising a right or a privilege created by the State or by a rule of conduct imposed by the State, he has not acted under the color of state law. *Lugar v.*

*Edmondson Oil Co., Inc.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982).

Finally, plaintiff argues that defendant's actions were state action because they occurred in the public area of the clerk's office of the Superior Court when Judge Moraghan "was about to assume the judicial robe and attend to judicial business." As we have already stated, *supra,* the place where the acts occur is not enough to satisfy the state action requirement particularly since it was in an area open to the public through which the dog and master were proceeding. *Delcambre v. Delcambre,* 635 F.2d at 408. *See also Cronin v. Town of Amesbury,* 895 F.Supp. 375, 391 (D.Mass.1995), *aff'd,* 81 F.3d 257 (1st Cir.1996). Furthermore, contrary to plaintiff's dogged assertions, the fact that defendant was "about to assume the judicial robe" does not change his behavior—behavior that otherwise was entirely personal—into state action.

In toto, we find that, by filing this suit in federal court, plaintiff is barking up the wrong tree. She simply has not alleged facts sufficient to establish that defendant's actions were committed under the color of state law. While it is unfortunate that Judge Moraghan's failure to restrain his dog may have caused plaintiff and other women distress, we do not have federal subject matter jurisdiction over the case. Accordingly, we GRANT defendant's motion to dismiss (Document # 8). Having dismissed the only federal cause of action, we decline to consider the various state causes of action that are also asserted in the complaint, and dismiss the entire action. The clerk will enter judgment for defendant.

So Ordered.

---

3. The notion that no one but a judge can bring a dog into a courthouse is clearly false. At a minimum, blind persons with seeing eye dogs can do so. Conn.Gen.Stat. § 46a–44; 40 U.S.C. § 291.

4. State officials may, in fact, have a bone to pick with defendant regarding this practice.