**David NADIG and Karin Nadig, Plaintiffs,**

v.

**John NAGEL and Mary Ann Nagel, Defendants.**

No. 03–CV–72.

United States District Court, E.D. Pennsylvania.

June 27, 2003.

Williams P. Marshall, North Wales, PA, for Plaintiffs.

Frank S. Nofer, Kelly McLaughlin Foster Bracaglia, et al., Philadelphia, PA, for Defendants.

*EXPLANATION AND ORDER*

ANITA B. BRODY, District Judge.

On January 7, 2003, David and Karin Nadig filed a civil rights lawsuit against their former neighbors John and Mary Ann Nagel. On February 11, 2003, defendants filed a motion to dismiss. For the reasons discussed below, I will grant their motion.

## FACTUAL BACKGROUND

From 1995 to early 2001, defendants allegedly harassed plaintiffs. Compl. ¶ 6. The incidents in question include defendant Mary Ann Nagel's making noises in and around plaintiffs' home as well as in public places like schools and stores when she encountered plaintiffs and their minor children. Comp. ¶¶ 7, 9. On October 1, 2000, plaintiff David Nadig questioned defendant John Nagel about the propriety of Mary Ann Nagel's behavior. Compl. ¶ 14. In response, defendant John Nagel trespassed on plaintiffs' property and the two men had a physical confrontation. Compl. ¶ 16. During the fight, it appears that plaintiff fractured defendant's jaw. Compl. Ex. C at 2. Based on this altercation, defendant John Nagel brought criminal charges and filed a civil action against plaintiff David Nadig. Compl. ¶ 17. Pursuant to the criminal action, John Nagel sent a "victim impact statement" to Judge Maurino J. Rossanese on May 14, 2001. Nagel appears to have sent this letter in order to influence and inform Judge Rossanese's decision regarding David Nadig's sentence for assaulting Nagel. In his letter, defendant complained that "[David Nadig's] continued harassment causes us to comply with the authorities and change our lifestyle to accommodate the defendant." Compl. Ex. C at 1. Defendant described in three pages of exhaustive detail the alleged harassment that he felt had limited his and his family's activities. Compl. Ex. C. at 1–3. Throughout his letter to Judge Rossanese,

defendant made repeated references to his job as Manager of Montgomery Township, including the following request: "with the disdain that the defendant has for people like me who work as public servants, I respectfully request that the defendant's punishment should include significant community service work, specifically with municipal governments." Compl. Ex. C. at 3. Plaintiffs did not learn of this letter until October of 2002, when it was produced pursuant to a civil suit filed by the Nagels against the Nadigs in state court. Pls.' Resp. to Defs.' Mot. to Dismiss ¶ 9–11.

Approximately three months after the altercation between the two men, defendant John Nagel faxed a letter to the Towamencin Township Police Department ("TTPD"), which alleged that, on the morning of January 8, 2001, plaintiff David Nadig chased and stalked Mary Ann Nagel. Compl. ¶ 20, Ex. A. Coincidentally, that same morning Officer Cotrone of the TTPD was outside defendants' residence during the period in question. Compl. Ex. B. Officer Cotrone had driven over in order to investigate plaintiffs' complaints about Mary Ann Nagel's custom of harassing David Nadig as he went to meet a local commuter van. *Id.* In his report on plaintiff's alleged stalking, Officer Cotrone dismissed the Nagels' complaint as "untrue." *Id.*

In the summer of 2001, plaintiffs moved to another home in a different county.

## STANDARD OF REVIEW

For the reasons discussed below, I will grant defendants' Motion to Dismiss. I do so based on Rules 12(b)(1) and 12(b)(6) Federal Rules of Civil Procedure. Rule 12(b)(1) allows a court to dismiss a case for want of subject matter jurisdiction. Fed. R.Civ.P. 12(b)(1). Rule 12(b)(6) permits dismissal of a case when the plaintiff has failed to state a claim upon which relief

can be granted. Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must accept as true all of the allegations set forth in the complaint and must draw all reasonable inferences in favor of the plaintiff. *See Ford v. Schering–Plough Corp.*, 145 F.3d 601, 604 (3d Cir. 1998). Dismissal of plaintiff's claim is appropriate only if plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotations omitted). The court need not, however, accept conclusory allegations or legal conclusions. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997).

## DISCUSSION

Plaintiffs' complaint lists six counts: (i) violation of 42 U.S.C. § 1983; (ii) conspiracy to interfere with plaintiffs' civil rights in violation of 42 U.S.C. § 1986; (iii) invasion of privacy; (iv) intentional infliction of emotional distress; (v) defamation; and (vi) civil conspiracy. Only the first two counts allege violations of federal law. This court has subject matter jurisdiction over those two claims and may, if it chooses, exercise supplemental jurisdiction over the remaining four claims. 28 U.S.C. §§ 1331, 1367(a).

Count I of plaintiffs' complaint alleges a violation of their civil rights under §§ 1983 and 1986.[1] Section 1983 provides that persons acting under color of state law may be found liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiffs allege that John Nagel, as Manager of Montgomery Township, is a state actor and that he and his wife's conduct deprived plaintiffs of their liberty and privacy interests as secured by the Fourteenth Amendment's due process clause. Defendants contend that John Nagel, although a municipal employee, was acting in a private capacity and not under color of state law. Because I agree that, during the events in question, Nagel was not acting under color of state law, I will dismiss this count because plaintiffs have failed to state a claim for which relief can be granted.

■ Government employees act under color of law when they perform their professional duties, whether they act in compliance with state law, contrary to it, or exercise professional discretion. *See Monroe v. Pape*, 365 U.S. 167, 176, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *rev'd on other grounds, Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *West v. Atkins*, 487 U.S. 42, 49–50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Consequently, "acts of a state or local employee in her official capacity will generally be found to have occurred under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir.1994) (citing *West*, 487 U.S. at 49, 108 S.Ct. 2250; *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 n. 5, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). There are, however, circumstances in which public employees do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Barna*, 42 F.3d at 816–17 (citing *Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir.1981); *D.T. v. Indep. Sch, Dist. No. 16*, 894 F.2d 1176 (10th Cir.1990), *cert. denied*, 498 U.S. 879, 111 S.Ct. 213, 112 L.Ed.2d 172 (1990)). Such circumstances include when a public employee is acting in a private, rather than official, capacity. *Barna*, 42 F.3d at 816 (holding that a public employee's "purely private acts which are not furthered by any actual or purported state authority are not acts

---

1. For reasons discussed with regard to Count II of plaintiffs' complaint, I will not consider any claim in Count I brought under § 1986

because the statute does not apply to plaintiffs' stated cause of action.

under color of state law"). "It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d Cir.1995).

■ Courts considering whether a tort is committed under color of law recognize that "the key inquiry is whether the employee in committing the alleged act abused a power or position granted by the state." *Pokalsky v. Southeastern Pa. Transp. Auth.*, No. 02–323, 2002 WL 1998175, *3 (E.D.Pa. Aug. 28, 2002) (citing *Bonenberger v. Plymouth Township*, 132 F.3d 20, 23 (3d Cir.1997)). Complaints involving an abuse of state power by a public employee must allege a nexus between a defendant's interaction with the victim and the defendant's execution of his or her official duties. *See Bonenberger*, 132 F.3d at 23 (citing *Mark*, 51 F.3d at 1150). These allegations cannot be "unsupported conclusions [or] unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir.2000), *cert. denied*, 532 U.S. 1038, 121 S.Ct. 2000, 149 L.Ed.2d 1003 (2001).

■ Plaintiffs have failed to allege a connection between defendant's position as Township Manager and his violation of plaintiffs' Constitutional rights that amounts to more than an unsupported conclusion. Although John Nagel's letter to Judge Rossanese does seem to try and curry favor by emphasizing his position as a public employee, defendant explicitly wrote the letter as a private victim rather than as a public official.[2] Nor would a reasonable reader, let alone a judge, have been swayed by complaints from a public employee whose alleged pain and suffering included having to refrain from behaving illegally.[3] Finally, in the allegedly defamatory letter, Nagel complains about the fact that the police departments of both Towamencin and Montgomery Townships and defendant's employers, the elected officials of Montgomery Township, were unmoved by defendant's suffering and possibly sympathized with David Nadig. Compl. Ex. C at 2. Nagel's letter, submitted by plaintiffs as an exhibit to their complaint, was not written in connection with defendant's position as Township manager, nor did defendant's position empower him to deprive plaintiffs of any protected right by writing it. Rather, the letter suggests that defendant's public employment had no impact on his interaction with the Nadigs.

Plaintiffs cannot state a claim under § 1983 because their allegations of defendant's role as a state actor are unsatisfactory: Nagel's Victim Impact Statement represents the only possible alleged act cited by plaintiffs to support their assertion that John Nagel's position as Township Manager and his allegedly tortious actions were connected. Plaintiffs' remaining allegations of defendant's abuse of state authority are conclusory. Plaintiffs have failed to adequately allege that defendant acted under color of state law. For this reason, I find that plaintiffs have

---

**2.** The letter's opening paragraph makes defendant's position clear:

Dear Judge Rossanese:

"In accordance with my rights as a victim, I submit this Victim Impact Statement to you describing the emotional, physical and financial loss and devastation the crime committed by the defendant has caused." Compl. Ex. C at 1.

**3.** As mentioned earlier, defendant complained in his Victim Impact Statement that David Nadig's communication with the police "causes us to comply with the authorities and change our lifestyle to accommodate the defendant." Compl. Ex. C at 1.

failed to state a claim under § 1983 and Count I of their complaint is dismissed.

Count II of plaintiffs' complaint alleges that defendants conspired to violate their civil rights in violation of 42 U.S.C. § 1986. Section 1986 is a cause of action against those individuals who neglect to prevent a violation of 42 U.S.C. § 1985. 42 U.S.C. § 1986. Section 1985 is an action for conspiracy to interfere with civil rights. 42 U.S.C. § 1985. Although plaintiffs appears to recognize that their lawyer invoked the wrong law when drafting the complaint,[4] they have not sought to amend it. On the face of the complaint, then, plaintiffs have failed to state a claim for which relief can be granted.

Assuming, *arguendo,* that plaintiffs had alleged a claim of conspiracy under § 1985, their claim would still fail. Section 1985 provides for three types of actionable civil rights violations: conspiring to (1) prevent officers from performing duties; (2) obstruct justice; intimidate party, witness, or juror; or (3) deprive persons of rights or privileges. 42 U.S.C. § 1985(1)-(3). Plaintiffs appear to argue in their response that defendants violated the second and third categories of conspiracy. These arguments are without merit. First, plaintiffs have failed to state a claim under § 1985(2). There are two categories of prohibited acts in this section: (a) intimidating or interfering with witnesses in federal court; and (b) obstructing justice in state courts in order to deny any citizen the equal protection of the laws. 42 U.S.C. § 1985(2); *see also Kush v. Rutledge,* 460 U.S. 719, 724–25, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Plaintiffs have made no allegations regarding any federal court proceedings and they have not alleged any violation of their equal protection rights as guaranteed by the Fifth or Fourteenth Amendment. They therefore cannot bring a claim under § 1985(2).

Second, plaintiffs have failed to state a claim under § 1985(3). To state a claim under § 1985(3), plaintiffs must present "sufficient allegation" in their complaint "of racial or class-based invidiously discriminatory animus." *Kush,* 103 S.Ct. at 1486. As plaintiffs have not alleged any racial or other prohibited class-based discrimination, their complaint fails to state a claim for which relief may be granted. For these reasons, Count II is dismissed.

With regard to the remaining counts of plaintiffs' complaint, I will dismiss them without prejudice and plaintiffs are free to renew these motions in state court. Counts III–VI will be dismissed under Rule 12(b)(1) because I choose not to exercise supplemental jurisdiction over them. Under § 1367(c)(3), a court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As stated above, I have dismissed both of plaintiffs' federal claims. Having dismissed those claims over which I had original jurisdiction, I shall decline to exercise supplemental jurisdiction over plaintiffs' state law claims and will dismiss them without prejudice for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

**CONCLUSION**

I have found that Counts I and II of plaintiffs' complaint fail to state claims for which relief may be granted and I have therefore dismissed both counts. The remaining counts of plaintiffs' Complaint are questions of state law and, for the reasons discussed above, I decline to exercise supplemental jurisdiction over those claims. I will therefore dismiss Counts III–VI without prejudice. Under 28 U.S.C. § 1367(d), plaintiffs have thirty (30) days to file their surviving claims in state court.

---

4. Pls.' Resp. to Defs.' Mot. to Dismiss ¶ 23.

### ORDER

**AND NOW**, this        day of June, 2003, defendants' Motion to Dismiss (Docket # 3) is **GRANTED**. Defendants' Motion for Sanctions (Docket # 7) is **DENIED**. The Clerk's Office shall mark this case closed for statistical purposes.