United States Court of Appeals
Fifth Circuit

**F I L E D**

September 4, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 07-50296
Summary Calendar

_____

DARRELL WASHINGTON, SR.,

Plaintiff-Appellant,

versus

ATMOS ENERGY CORPORATION; THOMAS SEHON,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 6:06-CV-326

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Darrell Washington appeals the district court's Rule 12(b)(6) dismissal of his claims arising under 28 U.S.C. §§ 1983, 1985(3), and 1981. Washington alleged that his former employer, Atmos Energy Corporation ("Atmos"), and Falls County District Judge Thomas Sehon ("Sehon") conspired to fire him after he was involved in a verbal dispute with Sehon at a local doughnut shop. Sehon's police report led to Washington's arrest for retaliation against a public official and his subsequent termination.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With respect to Washington's § 1983 claim, Atmos, a private company, indisputably was not acting under color of state law. See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747-50 (5th Cir. 2001). Sehon, even though he is a judge, did not act under color of law when he filed a criminal complaint as a private individual. See Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988); Delcambre v. Delcambre, 635 F.2d 407, 408 (5th Cir. 1981) (per curiam).

Moreover, Washington's § 1985(3) conspiracy claim fails because he did not plead that racial animus motivated Sehon's actions, see Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer, 90 F.3d 118, 124 (5th Cir. 1996), and, with respect to Atmos, "§ 1985(3) may not be invoked to redress violations of Title VII." Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352 (1979); see also Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 270-71 (5th Cir. 2001).

Finally, the district court dismissed Washington's § 1981 claim because he did not establish that he was a member of a protected class. A review of Washington's complaint clearly shows that he never identified himself as a member of a racial minority. Nevertheless, Washington argues that this court should liberally construe his complaint because (1) he stated to Sehon that he disapproved of politicians running for office "on the backs of black people"; and (2) he identified white and Hispanic employees receiving more favorable treatment. However, nothing in our case

2

law would permit this court to excuse Washington's failure to allege an essential element of a § 1981 claim.  See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288-89 (5th Cir. 2004) (plaintiff must show that "he or she is a member of a racial minority").  This court will not speculate about Washington's race when he failed to allege this simple fact despite two opportunities to amend his complaint.

**AFFIRMED.**