# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60325

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2018

Lyle W. Cayce
Clerk

MARIA ESTERLINA PEREZ-DE VIGIL,

      Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 249 204

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Maria Perez-De Vigil petitions this court for review of a Board of Immigration Appeals ("BIA") decision. The BIA dismissed her appeal from the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We grant in part and deny in part the petition for review, and remand to the BIA for further proceedings consistent with this opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60325

## I.

Perez, a citizen of El Salvador and former police officer in her home town of Lolotique, was married to Jose Vigil for ten years. She suffered frequent abuse at Vigil's hands, including rape, physical abuse, and death threats. After eight years, Perez moved out of the home she had shared with Vigil and into a nearby rental home. Vigil continued to threaten Perez—including by telephone and by waiting outside of her place of work—but never again physically abused her. Perez filed for divorce in 2013, and, after that, Vigil's threats escalated. Vigil told Perez that he would not give her a divorce and that he would rather pay $40 to have her killed by a hitman than pay child support. Fearing for her life, Perez fled to the United States. In October 2013, she entered the country without a valid entry document. The following month, the Department of Homeland Security issued a Notice to Appear, charging that Perez was removable pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. Perez applied for asylum, withholding of removal, and relief under CAT.

The IJ denied Perez's application. The IJ found that Perez was credible, and that the harm she suffered rose to the level of persecution, but that she failed to establish that her persecution was based on membership in a particular social group. As is relevant here, the IJ concluded that one of her asserted social groups, "Salvadoran women in domestic relationship[s] who are unable to leave the relationship," was not a cognizable group because it lacked immutability and that, in any event, Perez was not a member of that group because she was able to leave her relationship with Vigil by moving out of the home they had shared. The IJ also concluded that Perez was not a member of another asserted social group, "married Salvadoran women who are unable to leave the relationship," because she was no longer married. Finally, the IJ concluded that Perez was ineligible for withholding because she had failed to

2

satisfy the lower burden of proof required for asylum, and that she had failed to establish eligibility for relief under CAT because she had failed to establish the requisite level of state action or acquiescence.

Perez appealed to the BIA, which affirmed the denial of relief and dismissed the appeal. The BIA stated that it "agree[d] with the Immigration Judge's determination . . . that the respondent's proffered particular social group consisting of 'Salvadoran women in domestic relationship[s] who are unable to leave the relationship' *is* a cognizable particular social group under *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014)," (emphasis added), but that it saw "no clear error in the Immigration Judge's finding that the respondent is not a member of that particular social group because she was able to leave the relationship." The BIA also found no clear error in the IJ's finding that Perez was no longer married and therefore not a member of the group of "married Salvadoran women who are unable to leave the relationship." Finally, the BIA relied on the IJ's reasoning to affirm the denial of withholding and relief under CAT.

Perez petitioned for review in this court. She contends that the BIA erred in finding that she was not a member of her asserted social groups. With respect to the group of "Salvadoran women in domestic relationship[s] who are unable to leave the relationship," she argues that while she physically moved out of the home she and Vigil had shared, the relationship continued because Vigil continued to stalk her and threaten to have her killed. She also argues that the BIA erred by denying relief under CAT based on the IJ's determination that she failed to establish that the Salvadoran government acquiesced in her torture. She points to evidence that she repeatedly called the local police to enforce a protective order she had obtained, but that the police repeatedly failed to respond and, on the one occasion that they did, failed to enforce the protective order.

No. 17-60325

## II.

We have "the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review factual findings for substantial evidence, and "may not reverse the BIA's factual findings unless the evidence compels it." *Id.* at 536–37.

To qualify for asylum, Perez must show that she (1) was persecuted or has a well-founded fear of persecution, (2) on account of membership in a particular social group, (3) "by the government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citing 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b)(1)). We are unable to review the BIA's conclusion that the group of "Salvadoran women in domestic relationships who are unable to leave the relationship" is a cognizable particular social group but that Perez failed to establish membership.[1] The BIA stated that it was affirming the IJ's conclusion that the group *was* cognizable, but the IJ had stated that he was "*not* persuaded that any of the social groups articulated by the Respondent are cognizable under the Act," and, in particular, that he was "*not* convinced" that the group was "composed of members who share a common immutable characteristic." (emphasis added). The BIA reversed course—holding that the group *was* cognizable yet misstating that this was in agreement with the IJ—without doing the in depth factual analysis required by *Matter of A-R-C-G-*.[2] *See* 26 I. & N. Dec. at 392 ("[W]e point out that any claim regarding the existence of a particular social group must be evaluated in the context of the evidence

---

[1] We agree, however, with the BIA's conclusion that the IJ did not clearly err in finding that Perez is no longer married and therefore is not a member of the group of "married Salvadoran women who are unable to leave the relationship."

[2] The BIA also erroneously referred to one of Perez's other asserted social groups (one not at issue in her petition for review) as "Honduran women" instead of "Salvadoran women."

4

presented regarding the particular circumstances in the country in question."); *id.* at 393 ("A determination of [immutability] will be dependent upon the particular facts and evidence in a case."); *id.* at 394–95 ("[T]he issue of social distinction will depend on the facts and evidence in each individual case . . . .").

Because the IJ found that the group was *not* cognizable, the agency has not undertaken the record-intensive, factual inquiry necessary to find that a particular social group is cognizable or to define the contours of that group.[3] We note the significance of the particularity inquiry in this case. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (BIA 2014) (stating that the group must "be discrete and have definable boundaries," and the terms used to define it must have "commonly accepted definitions in the society of which the group is a part" and "provide a clear benchmark for determining who falls within the group"); *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (BIA 2014) ("Circuit courts have long recognized that a social group must have 'defined boundaries' or a 'limiting characteristic,' other than the risk of being persecuted[.]"), *vacated in part on other grounds*, *Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016), *cert. denied sub nom. Reyes v. Sessions*, 138 S. Ct. 736 (2018).[4]  We decline to

---

[3] We note that the Eleventh Circuit recently held that Salvadoran "women abused by [their] partner[s] [they] cannot control" is not a cognizable particular social group in part because "evidence that El Salvador has instituted new measures to combat domestic violence" undercut petitioner's argument that such women are viewed as socially distinct in El Salvador. *Minjivar-Sibrian v. U.S. Atty. Gen.*, No. 17-12207, 2018 WL 1415126, at *1–2 (11th Cir. March 22, 2018).  We agree that such measures would be relevant to the analysis of whether the proposed social group here satisfies the social-distinction requirement, *see Matter of A-R-C-G-*, 26 I. & N. Dec. at 394, but take no position on whether the record in this case establishes that such measures have been taken.

[4] *See also Minjivar-Sibrian*, 2018 WL 1415126, at *2 ("Petitioner has failed to establish that she is a member of a 'particular social group' under the INA.  We agree with the IJ and BIA's determination that the defining attribute of Petitioner's proposed group— 'women abused by her partner she cannot control'—is that the members suffer domestic abuse.  But persecution alone is not enough to establish a particular social group. . . . Petitioner has failed to show that her proposed particular social group is sufficiently concrete and discrete to qualify for protection under the INA." (footnote omitted)); *Macias v. Sessions*, 694 F. App'x 314, 314 (5th Cir. 2017) (per curiam) (perceiving no error in the BIA's conclusion

undertake such an inquiry in the first instance, *see Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (remanding to BIA to undertake fact-intensive inquiry in the first instance), but without it, we cannot properly review the conclusion that Perez failed to establish membership in her asserted group.[5]  Accordingly, we remand to permit the agency to undertake the fact-intensive inquiry required under *Matter of A-R-C-G-*.[6]

Remand is also necessary with respect to Perez's claim for relief under CAT.  The IJ failed to analyze whether police actions undertaken to help protect Perez were under color of law.[7]  To be eligible for relief under CAT, a petitioner must show that he or she was subjected to torture "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 208.18(a)(1).  Acquiescence can be established by "show[ing] that public officials, . . . acting in their official capacities, will more likely than not have awareness of the torturous actions of private individuals . . . and breach their responsibility to intervene to prevent those actions."  *Ramirez-Peyro v. Holder*, 574 F.3d 893, 899 (8th Cir. 2009).  One acts in an official capacity when acting under color of law, as that phrase is understood in the context of civil-rights cases.  *See Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014).  In other words, the state-action inquiry focuses

---

that the group "Mexican women viewed as property by virtue of a domestic relationship" lacked sufficient particularity); *Matter of A-R-C-G-*, 26 I. & N. Dec. at 393 ("The terms used to describe the group—'married,' 'women,' and 'unable to leave the relationship'—have commonly accepted definitions within Guatemalan society . . . .").

[5] Additionally, the causation element is a prerequisite to relief.  *Tesfamichael*, 469 F.3d at 113; *see Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004) (per curiam) (upholding factual determination that the petitioner was not persecuted "on account of political opinion" but rather for "criminal, non-political" and "purely personal reasons").

[6] Because the BIA denied Perez's requests for humanitarian asylum and withholding of removal solely on the ground that she had failed to establish membership in a protected group, we do not separately address those claims here.

[7] As noted above, the BIA relied on the IJ's reasoning to deny Perez's CAT claim, and we therefore have authority to review the IJ's decision.  *See Wang*, 569 F.3d at 536–37.

No. 17-60325

on those actions in which an "officer uses his official capacity to further [his] objectives." *Id.* at 892; *cf. Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981) (per curiam) (holding that a police chief did not act under color of law despite allegedly assaulting his sister-in-law while on duty and at the police station where "the altercation arose out of an argument over family and political matters and [the sister-in-law] was neither arrested nor threatened with arrest").

Here, the IJ denied relief in part based on its finding that "the government made many attempts to protect [Perez] from Vigil." However, it is unclear from the IJ's order what attempts are being referred to, and whether they include the occasions on which Perez's co-workers—also police officers— helped her move out of the home she shared with Vigil or helped her to get home safely when Vigil was waiting outside the police station. To the extent they do, the IJ failed to consider whether the officers were acting under color of law on those occasions. Remand is therefore appropriate to permit the "agency to properly consider this evidence under the under color of law legal standard." *Garcia*, 756 F.3d at 893.[8]

### III.

For the foregoing reasons, Perez's petition for review is DENIED with respect to her claim for relief based on membership in the group of "married Salvadoran women who are unable to leave the relationship," but is otherwise

---

[8] Relatedly, on remand, the BIA may consider Perez's CAT claim in light of evidence that Perez repeatedly called the police to enforce a protective order that she had obtained but that the police responded only once and, even on that occasion, failed to enforce the order. *See Valdiviezo-Galdamez v. Atty. Gen. of U.S.*, 502 F.3d 285, 293 (3d Cir. 2007) (stating that failure of police to respond to reports of violence could constitute acquiescence and remanding for consideration of evidence); *see also Garcia*, 756 F.3d at 893 (remanding to BIA to consider material evidence relevant to CAT claim).

No. 17-60325

GRANTED. We VACATE the BIA's decision and REMAND to the BIA for further proceedings consistent with this opinion.